### MAYO v. SPARTANBURG &c. R. R. COMPANY.

1. DOCKET—SECOND APPEAL.—On a second appeal, any party has a right to call for a hearing in the Supreme Court with reference to other causes in the order of the date of the filing of the first appeal; and such right is not prejudiced by the failure of the clerk to docket the cause as of its proper number.

2. AMENDMENTS TO COMPLAINT—CASES CRITICISED.—This court declined to declare error in the refusal of the Circuit Judge to permit an amendment to a complaint, whereby a cause of action under the statute (1 Rev. Stat., § 1688), for injury done by fire communicated from a railroad right of way, would be changed into an action for negligent burning as common law, the action having been commenced within, but the amendment moved for after, twelve months from the time of the injury, and the law giving to a judgment obtained on either cause of action a priority over all other liens in cases where action is commenced within twelve months thereafter. Lilly *v.* Railroad Company, 32 S. C., 142, and Wallace *v.* Railroad Company, 37 S. C., 335, compared and distinguished.

3. IBID.—*Per* POPE, A. J.  The Circuit Judge was in error in refusing to allow an amendment to a complaint, in so far as he based his refusal upon the ruling that an allegation of defendant's negligent act in starting a fire, and of want of due care in putting out the fire on its right of way, stated a cause of action under the statute and also at common law, as such result, if this were so, could have been guarded against in the order of amendment.

Before FRASER, J., Fairfield, June, 1894.

Action by Philip R. Mayo against the Spartanburg, Union and Columbia Railroad Company.  On the call of the docket of the Sixth Circuit, on December 10, 1894, counsel for appellant moved that the cause be advanced on the docket, so as to stand for a hearing as if docketed at "the time of the filing of the first appeal," as required by section 13 of the Code of Procedure.  On the next day the court announced its decision, granting the motion, and ruling that the failure of the clerk of this court to place the cause in its proper place on the docket, under section 13 of the Code, does not prejudice the right of any party to have it properly advanced, but that it would be well for counsel to call the clerk's attention to the matter at the time of filing the return on a second or subsequent appeal.

15—43

*Messrs. Ragsdale & Ragsdale,* for appellant.

*Mr. B. L. Abney,* contra.

February 23, 1895.  The opinion of the court was delivered by

MR. JUSTICE POPE.  The plaintiff instituted an action against the defendant, on the 15th day of August, 1892.  After a verdict from a jury in his favor, and after judgment thereon, an appeal was taken therefrom by the defendant.  This court granted a new trial, 40 S. C., 517.  Just after the new trial was granted this court decided the two cases of *Hunter* v. *Columbia &c. Railroad Company,* 41 S. C., 86, and *Lipfeld* v. *Charlotte &c. Railroad Company, Ibid.,* 285, wherein it was established that, under section 1511 of General Statutes (now section 1688 of our Revised Statutes), a right of action did not exist against a railroad for fire communicated to property contiguous to a railroad track by a locomotive engine from fire originating within the right of way of the railroad, when set out by an authorized agent of said railroad, if said railroad was then operated by a leased road.

When these decisions were announced the plaintiff's complaint was as follows: "The plaintiff above named, complaining of the above named defendant, by his amended complaint, alleges: 1.  That the defendant is a corporation duly incorporated under the laws of this State, and owns and operates a railroad between the stations of Alston and Spartanburg, in the State aforesaid, operating the same through its lessee, the Richmond and Danville Railroad Company.  2.  That the plaintiff is the owner of a certain plantation, or tract of land, near Alston, in the County of Fairfield, and State aforesaid, which lies along and near the track or roadbed of the defendant.  3.  That on the      day of May, A. D. 1892, the defendant, through its agent, set fire out upon its right of way, which fire was communicated to the said land of plaintiff and burned over about two hundred acres of the same, destroying growing trees, rubbish, and other matter upon which the value and fertility of the said land, in a large measure, depended, to the damage of the plaintiff in the sum of three hundred dollars, and (contrary

to the act of the General Assembly in such cases made and pro-
vided).   Wherefore the plaintiff demands judgment against
the defendant for the sum of three hundred dollars damages,
and for the costs of the action.''

So a motion was served upon the defendant's attorney by
the plaintiff's attorneys that they would move ''upon all the
pleadings and proceedings in this action, and upon the pro-
posed amended complaint and affidavits herewith served upon
you, before Judge Fraser, on the 13th day of June, 1894, at
Winnsboro, S. C., for an order granting leave to the plaintiff
to amend his complaint by striking out from the 3d paragraph
thereof the words, 'contrary to the form of the act of the Gen-
eral Assembly in such case made and provided,' and inserting
in lieu thereof the words, 'the plaintiff alleges that the defend-
ant, by its agents and servants, did not observe ordinary care
and prudence in setting out said fire, and did not observe or-
dinary care and prudence, in that its said agents and servants,
seeing and knowing that the said fire was spreading out on the
plaintiff's land, to his great damage, made no effort to extin-
guish the same.' '' Accompanying this notice was the proposed
complaint, which conformed strictly to the notice.    Three af-
fidavits also accompanied the notice, which alleged amongst
other things, ''that the facts upon which the plaintiff bases his
right to recover in this action, *as shown at the last trial* (italics
ours) and as deponent is prepared *again* to show, are as follows:
About the 16th day of May, 1892, one Jacob Powell, the sec-
tion master in the employ of the defendant, caused a fire to be
set out on the defendant's right of way, which was contiguous
to this plaintiff's land; that the said fire was put out at a very
dry season, and at a point where there was much dry, com-
bustible matter which was easily ignited; that it was commu-
nicated to deponent's land without any effort whatsoever on
the part of defendant's agents and servants to arrest its course,
although they were present and saw the said fire spreading out
on deponent's land; that the said fire was burning on the lands
of this deponent for two or three days; that it did great dam-
age thereto and endangered the deponent's buildings, and
although it was seen so burning by the defendant's agents and

servants, and was known by them to have resulted from the fire set out by them on defendant's right of way as aforesaid, they made no effort whatever to extinguish the same, and this deponent alleges that the said agents and servants of the defendant were guilty of gross negligence and want of care in setting out the said fire at the time and place aforesaid, and that they were guilty of gross negligence and want of care in that they made no effort to extinguish the said fire."

The motion was heard by Judge Fraser, whereupon, on the 21st June, 1894, he made the following order: "This cause came before me at chambers, at Winnsboro, on a motion on due notice, accompanied with affidavits, for leave to amend the complaint so as to add an allegation of negligence, in that there was on the part of the agents of the defendants a want of ordinary care and prudence in setting out fire on the right of way, and in that the said agents, seeing and knowing that the said fire was spreading to the plaintiff's land, made no effort to extinguish the same. The complaint alleges a cause of action for damages *by fire originating* on defendant's right of way, under Gen. Stat., sec. 1511. The cause of action under this section is complete, *without any allegation of negligence.* The proposed amendment would, therefore, be objectionable, in that there would be in this complaint, thus amended, two causes of action, without stating them separately. If this difficulty were out of the way, and the proposed amendment put into the complaint as a separate cause of action, the difficulty would be that this new cause of action would be protected by the statute of limitations in the same way as if made a part of the complaint at the commencement of the action—thus a new action, and not an amendment. There are valuable remedies as to this second cause of action now proposed to be set up by way of amendment which would have been available if the action had been commenced in reference to it when the original complaint was served, but are now lost by lapse of time, unless it can be set up by way of amendment. I think in cases like this the amendment ought not to be allowed. It is ordered, that the motion to amend be and the same is hereby dismissed."

From this order of Judge Fraser the plaintiff now appeals:

1. Because his honor erred in holding: "That the proposed amendment would be objectionable in that there would be in the complaint thus amended two causes of action, without stating them separately." 2. Because his honor erred in holding that if "this difficulty were out of the way, and the proposed amendment put into the complaint as a separate cause of action, the difficulty would be that this new cause of action would be protected by the statute of limitations in the same way as if made a part of the complaint at the commencement of the action—thus a new action, and not an amendment." 3. Because his honor erred in holding that "there are valuable remedies as to this second cause of action now proposed to be set up by way of amendment, which would have been available if the action had been commenced in reference to it when the original complaint was served, but are now lost by the lapse of time, unless it can be set up by way of amendment." 4. Because his honor erred in refusing the plaintiff's motion for leave to amend.

May we not venture to suggest that much of the difficulty in reconciling our different decisions will disappear when we patiently examine and compare the cases bearing upon the question of amendment? This course is rendered absolutely necessary when a particular class of cases is to be differentiated from the much larger class of such cases. To make our meaning plain, let us state that, unquestionably, the case of *Lilly* v. *Railroad Company*, 32 S. C., 142, presents an instance of the first class, and that of *Wallace* v. *Railroad Company*, 37 *Id.*, 335, presents an instance of the second and larger class. In the case of *Lilly* v. *Railroad Company*, *supra*, the right of amendment was denied upon the express ground, that when such amendment was applied for—to wit: in March, 1889—more than two years had elapsed since the death of Green Lilly (who was killed in February, 1887), and, therefore, the statute of this State had barred the action; and, therefore, the court, in granting the amendment, would nullify the statute of limitation. This was the language of this court at page 145 of Lilly's case, *supra*: "Next as to the amendment refused. Amendments are provided for in the Code, and allowed sometimes by the court for certain purposes, and while not entirely discre-

tionary in the sense that the rulings of the court is unappeal-
able in all cases, yet it must be a clear case of error when its
discretion will be interfered with.    In this case the demurrer
was properly held fatal to the complaint, the effect of which
was, in substance, to turn the plaintiff out of court, on the
ground that she had no cause of action.    That was her status
even before the demurrer was interposed, and although the
motion to amend was made before the demurrer was interposed,
yet when his honor considered the motion to amend, he was
compelled to consider whether there was anything in the com-
plaint to amend by, and, upon examination, he found no cause
of action stated, and if the amendment was allowed it would
not simply supplement a faulty statement of a cause of action
by adding or striking out the name of a party or by correcting
a mistake in the name of a party, &c., or by inserting other
allegations material to the case, but it would be absolutely
giving a cause of action when none was alleged, and, in this
case, when none could exist *for the reason that the two years
allowed within which to bring such actions had elapsed* (italics ours).
We think his honor was right in holding that the amendment
proposed would have entirely changed the nature of the action,
and, therefore, not allowable.    Code, section 194.''    From the
foregoing extract from the opinion of the justice who announced
the judgment of this court, it is evident that the amendment
was refused because when it was applied for the statutory bar
of two years had already elapsed.    In the case of *Wallace* v.
*Railroad Company, supra, no bar* to the action existed when the
amendment was applied for.    Hence the court sustained the
right of amendment as allowed by the Circuit Judge.    In that
case, while the complaint as it originally existed was faulty in
failing to formally plead the fact of negligence, an amendment
to accomplish this purpose was allowed.    This amendment was
allowed under section 194 of the Code of Civil Procedure.

Now let us inquire into the cause of bar.    We find that the
plaintiff, after the fire in May, 1892, by which his property
was injured, had *two* causes of action therefor against the de-
fendant: one under General Statutes, section 1511 (now 1688
of our Revised Statutes); the other under the common law for

negligence.  In his complaint, as originally prepared, he set out as his cause of action that under section 1511.  Having begun his action in September, 1892, any judgment therein would have entitled him to the privileges set out in General Statutes, section 1528 (now section 1691 of our Revised Statutes), which is as follows: "Whenever a cause of action shall arise against any railroad corporation for personal injury or injury to property, sustained by any person or persons, and such cause of action shall be prosecuted to judgment by the person or persons injured, or his or their legal representatives, said judgment shall relate back to the date when the cause of action arose, and shall be a lien as of that date of equal force and effect with the lien of employees for wages, upon the income, property, and franchises of said corporation, enforcible in any court of competent jurisdiction, by attachment or levy and sale under execution, and shall take precedence and priority of payment of any mortgage, deed of trust, or other security given to secure the payment of bonds made by said railroad company: Provided, any action brought under this section shall be commenced within twelve months from the time that said injury shall have been sustained."

We remarked just a moment ago that the plaintiff had two causes of action against the defendant because of this fire set out by its authorized agents in May, 1892.  In the case of *Hunter* v. *Columbia, &c. R. R. Co.*, 41 S. C., at page 90, Chief Justice McIver stated the doctrine in these words: "It cannot be claimed that the provisions of section 1511 supercede the right of action at common law based upon negligence, for there is nothing in the section to indicate that the legislature intended to take away any previously existing right of action, and the contrary view is expressly recognized in *Rodgers* v. *Railroad Co.*, 31 S. C., 388; and in the recent case of *Kinard* v. *Railroad Co.*, 39 S. C., 514, this court expressly adopted the same view in considering a case under another section of the same chapter of the General Statutes analogous to the section now under consideration, so far, at least, as this particular question is concerned."  An examination of the complaint as originally amended and upon which the first trial was had will show that

there are no allegations of negligence whatsoever. Under section 1511, no such allegations were necessary. *Hunter* v. *R. R. Company, supra.* But in the second cause of action such allegations are necessary. Such allegations would be obliged to go in as an amendment. In view of *Lilly* v. *R. R. Company, supra,* would this not be giving a cause of action when before there was none, after the expiration of the statutory period? It seems to us that it would be doing so.

We cannot agree with the Circuit Judge that the allowance of this amendment would allow two causes of action in the same statement. If the language is stricken out referring to the action under section 1511, and the amendment proposed inserted in lieu thereof, there would only remain one cause of action. We understand the Circuit Judge to base his view as to this effect upon the language of the amendment, purporting to give a cause of action for negligence, and he thinks the words "want of due care in putting fire out on the right of way" might sustain a cause of action in themselves. We think, if this were so, it was in the power of the Circuit Judge, in his order allowing the amendment, to have guarded against this result. It would not necessitate a disallowance of the amendment. We would sustain the first exception if it would be of any service to the plaintiff in this case, but it will not be. Under the views hereinbefore expressed, we overrule the second, third, and fourth grounds of appeal. From these considerations it appears there was no reversible error in the court below.

It is the judgment of this court, that the order appealed from be sustained, and the appeal dismissed.

MR. CHIEF JUSTICE MCIVER. It seems to me that the amendment asked for was refused in the exercise of the discretion of the Circuit Judge, and that, under the circumstances, his discretion was not only not abused, but was properly and wisely exercised.

MR. JUSTICE GARY concurred in the result.