W. M. TODD, *Plaintiff in Error*, v. LOUISVILLE & NASHVILLE RAILROAD COMPANY, *Defendant in Error*.

## On Rehearing.

1. The statute relative to amendment of pleadings should be liberally construed to facilitate the administration of justice; but it should not be so applied in any case as to nullify the operation of the statute of limitations in that case.

2. One statute should not be applied to nullify the operation of another statute when such is not the intention of the lawmaking power. The Legislature could not have intended that the statute permitting amendments of pleadings should be used in any case to nullify the operation of the statute of limitations in that case.

Rehearing denied.

*C. M. Cooper* and *Chas. P. & J. J. G. Cooper*, for Plaintiff in Error;

*John E. Hartridge*, for Defendant in Error.

PER CURIAM.—In a petition for rehearing it is suggested that the order denying a new trial is excepted to and that the court has not fully' considered the points presented.

The following entry precedes the order denying a new trial: "The said referee denied and refused said motion in an order as follows, the which order the plaintiff excepted." If this recitation preceding the order is regarded as a sufficient exception to the order, a consideration of the motion will not change the result. The testimony of the plaintiff's witnesses clearly showed that the plaintiff Todd had no general or special right of property in the horses lost and injured, and that Todd was a mere purchasing agent for Melson who paid for and owned the horses. The action was not brought by Todd for the use of Melson. There was no privity of ownership between them.

The defendant cannot fairly be held to have known, and could not fairly be required to show he did not know that the plaintiff Todd was not the real owner of the horses, before the ownership was disclosed by the pdaintiff's witnesses. The bill of lading may or may not have disclosed the ownership. Of course, Melson and Todd both knew that Melson was the owner and that Todd had no property right in the horses, but was a mere purchasing agent for Melson, who paid for the horses, as is clearly disclosed by the plaintiff's witnesses. The statute relative to amendment of pleadings should be liberally construed to

facilitate the administration of justice; but it should not be so applied in any case as to nullify the operation of the statute of limitations in that case. See La Floridienne, J. Buttgenback & Co., Societe Anonyme v. Atlantic Coast Line R. Co., 63 Fla. 213, 58 South. Rep. 186; Lowe v. De Laney, 54 Fla. 480, 44 South. Rep. 710; State ex rel., Andreu v. Canfield, 40 Fla. 36, 23 South. Rep. 591; 42 L. R. A. 72; Cornell v. Franklin, 40 Fla. 149, 23 South. Rep. 589, 74 Am. St. Rep. 131; Flatley v. Memphis & C. R. R. Co., 9 Heisk. (Tenn.) 230; Willink & Willink v. Renwick & Renwick, 22 Wend. (N. Y.) 608; East Line & R. R. Ry. Co. v. Culberson, 72 Tex. 375, 10 S. W. Rep. 706. One statute should not be applied to nullify the operation of another statute when such is not the intention of the lawmaking power. The Legislature could not have intended that the statute permitting amendments of pleadings should be used in any case to nullify the operation of the statute of limitations in that case. In Hamburg v. L. L. & G. Ins. Co., 42 Fla. 86, the action was brought by H. for the use of the bank.

The cause of action accrued in January, 1908; the declaration by Todd was filed November 2, 1909, and at the trial in November, 1913, the plaintiff's evidence disclosed that Todd was not the general or special owner of the horses. At this time the statute of limitations having run against Melson, the owner of the horses, there was no error in permitting the special plea as to the ownership to be filed at the trial, or in denying a motion to amend the pleadings by making Melson the plaintiff, or in entering judgment for defendant. 3 Ency. Pl. & Pr. 789. Melson knew of his ownership and that Todd was a mere purchasing agent who was not a bailee and had no general or special property in the horses. The action is in tort and Todd had no right to maintain it. The defend-

ant was required to defend the action as instituted, and the testimony of the plaintiff's witnesses showed he had no right to maintain the action. No precedents are found that under the privilege of amendment authorize a new plaintiff to be substituted against whom the statute of limitations has run.

Rehearing denied.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL, HOCKER AND WHITFIELD, J. J., concur.