ANNA C. COURTRIGHT, joined by her husband and next friend, F. H. COURTRIGHT and F. H. COURTRIGHT, *Appellants,* vs. W. H. TUNNICLIFFE, as liquidator of the State Bank of Orlando & Trust Company of Orlando, Florida, *Appellee.*

140 So. 777.

En Banc.

Opinion filed April 14, 1932.

Petition for rehearing denied May 21, 1932.

*Pleus, Williams & Pleus,* Attorneys for Appellants; *H. M. Voorhis,* Attorney for Appellee.

DAVIS, Commissioner.—The appellants filed their bill of complaint in the Circuit Court of Orange County against appellee for the purpose of requiring appellee to allow a preference to a claim of appellants, and impress certain funds in his hands with a trust. The State Bank of Or-

lando and Trust Company failed to open on August 5, 1929, and the year for filing claims pursuant to Section 18 of Chapter 13576, Acts 1929, expired September 28th, 1930. It appears that on September 20, 1929, complainants filed with the receiver of said bank a claim against the bank; that within said year complainant F. H. Courtright, related the facts to the defendant, and asserted their rights to a preference; that on August 18, 1931, the complainants, through their attorneys demanded by letter that defendant classify and pay their claim against said bank as a preferred claim, which demand was rejected on the 19th of August, 1931, and at the same time complainants were informed by defendant that the claim would be accepted only under the common creditors classification; that prior to the filing of the bill of complaint no dividend had been paid out of the assets of said bank, and that the fund and assets liable for the payment of preferred claims against said bank were in the same condition and situation as they had been since the appointment of a Receiver; that at the time of filing original claim, the same was made out and filled in by an agent of the Receiver upon a form provided by the Receiver upon which there was no item specifically covering a preferred claim and that complainants through inadvertence and ignorance that any other form of claim could or need be filed, believed that the filing of their claim in the manner and form aforesaid was sufficient to protect their rights to a preferred claim.

The Court sustained a demurrer to the bill, and from that order the cause is here for review by this Court.

The question argued orally and in briefs and to be answered by the Court in this case may be briefly stated as follows:

May a creditor of an insolvent bank, after the year provided by law for filing claims against such bank has elapsed, and before any dividends or preferred

claims have been paid, amend his proof of claim as a common creditor, which claim has been duly filed in writing under oath upon a blank form furnished by the liquidator or receiver, and demand and enforce the same as a preferred claim?

Section 1 of Chapter 7935, Laws of Florida as amended by Section 18, Chapter 13576, Laws of Florida, 1929, reads as follows:

"That all claims of every kind and nature against a State Bank or Trust Company that has been placed in the hands of a liquidator must be properly sworn to and filed with the liquidator thereof within one year from the date of the qualification of the liquidator thereof of the bank or trust company, and no claims not so filed within twelve months from the date of the qualification of the liquidator thereof shall be included by the liquidator or Comptroller in the distribution of the assets."

This Court has declared it to be the policy of our law to favor a prompt and expeditious handling of the affairs of insolvent banks because delay in final settlement of its affairs "is fatal to the interests of both creditors and stockholders". Amos vs. Conkling, 99 Fla. 206, 126 So. 283; Myers v. Federal Reserve Bank of Atlanta, 101 Fla. 407, 134 So. 600.

In Myers vs. Federal Reserve Bank of Atlanta, supra, a creditor of an insolvent bank as a common creditor filed with the liquidator his claim and subsequently, within the statutory period, was permitted to amend his proof so as to assert a preference, and the same as amended was allowed by the Court. Upon an appeal the Court here speaking through Mr. Justice Davis said:

"The statute requires no particular form for filing claims, leaving that to the choice of the claimant. The claimant also has the option of filing his claim promptly or of waiting until the last minute of the last hour for doing so.

"The principal consequence of his delaying the filing

of his claim is that, in the event dividends are paid before the time for filing claims expires, he would not be entitled to participate in such dividends as are declared while his claim remains unfiled through his voluntary delay.

"And, inasmuch as a claimant may wait until the last minute to file a preferred claim when he has never filed any claim at all, it appears that on a like principle he may at the *last minute* amend his once filed common creditor claim so as to assert a preference, even though he originally filed it as a claim without preference.

"But an amendment so made would only take effect from the date of making it. The acts of the receiver or liquidator prior to the date of the amendment could not be affected by the fact of the amendment.

"It is the duty of claimants against defunct banks to promptly file their claims, both common and preferential. While the statute permits a full year to do so without completely barring a claim, it does not follow that the bank liquidator must wait until that year has completely expired before paying available dividends to those claimants who have promptly filed their claim and who have their claims on file when the receiver or liquidator is authorized by the comptroller to pay a dividend out of the bank's assets. * * * * * * the merely filing, without more, of a common claim, does not preclude its amendment *within the statutory period*, so as to make it assert a preference." (Italics supplied).

While the point involved in this case was not raised in that case, it was important for the Court to determine when an amendment that converts a common claim into a preferred claim, takes effect, and the Court said that it would take effect only from the date of making it, and that the mere filing of a common claim "does not preclude its amendment within the statutory period so as to make it assert a preference". If a claim so amended does not take effect as a preferred claim until the amendment has been made or leave for making it has

been applied for, then no error was committed by the Court in sustaining the demurrer to the bill.

In the instant case appellants did not seek to change the form of proof without changing the nature or character of the claim.

No particular form of proof being required by the Statute, a change in the form of proof of a common claim not being a material matter, if allowed, would do no violence to the Statute. Here the appellants seek to show that the relation between them and the bank was not as debtor and common creditor, but as bailee and bailor or trustee and *cestui que trust*. About eleven months after time had expired for proving claims they asked for what amounts to a withdrawal of the claim which they filed as a common creditor and sought to substitute therefor a claim showing them to be beneficiaries of a trust fund. (Mallett vs. Tunnicliffe, 102 Fla. 809, 137 So. 238) ; Bryan vs. Coconut G. Bk. & Tr. Co., 101 Fla. 947, 132 So. 481; Edwards vs. Lewis, 98 Fla. 956, 124 So. 746; 3 R. C. L. 522, 558). It is appellant's desire to shift their position from that of a general depositor claiming their distributive share in assets of the bank to that of a special depositor claiming ownership of a specific or special fund. If the amendment should be allowed, appellants would claim the ownership of a certain fund, and abandon their position as common creditors of the bank, thus making an entirely different issue from that made in the original claim. They are not trying to set up the same cause of action, so to speak, but a different cause of action, and we do not think that it can be done.

The appellee makes no contention that appellants are estopped from asserting a preference because they as common creditors filed their claim with the receiver. Indeed, this Court has indicated in Myers vs. Fed. R. Bk., supra, that under such circumstances there can be no election of remedy where the claimant had not drawn di-

vidends or asserted claims and rights, other than the mere filing of his claim, and received dividends which could only have been received as a common creditor. See also annotation, 68 A. L. R. 460.

The order of the Court below was grounded upon Section 18, Chapter 13576, Laws of Florida, 1929, and appellee relies solely upon that Statute for affirmance.

The position of appellee is not unlike that occupied by an executor or administrator in relation to claims against an estate being administered by him. This Court discussing the presentment of claims against the estate of a deceased person has said:

"The presentation need not be in any particular form, but sufficient to give notice to the executor or administrator of the existence of the debt or demand, its character and amount, as would enable him with reasonable certainty to provide for its payment."

Fillyau vs. Laverty, 3 Fla. 72, 106; Sanderson vs. Sanderson, 17 Fla. 820, 852.

In Bush vs. Adams, 22 Fla. 177 (text 190), the Court said:

"A failure to present within the statutory period a claim accruing against the decedent in his lifetime does not merely postpone its payment to those claims presented, but it virtually destroyed it and operates pro tanto to the advantage of the beneficiaries of the estate. * * * The policy of the legislature requires action upon the part of the creditor to preserve his claim, and want of such action does not find a substitute in the mere knowledge, though actual, of the administrator or executor in any case."

See also Fillyau vs. Laverty, 3 Fla. 106; Sanderson vs. Sanderson, 17 Fla. 852; Ellison vs. Allen, 8 Fla. 206.

The Statute of nonclaim that is now in force is more stringent in its requirements as to proof of claims against a decedent's estate than it was when the decision in the Bush-Adams case was rendered, and the provisions

of said Section 18 of Chapter 13576, Laws of Florida, are but little less stringent, if any, than said non-claim statute.

Reasoning by analogy, the Court, no doubt, had in mind former decisions under the statute of non-claim when it used the quoted language in the opinion in Myers vs. Federal Reserve Bank of Atlanta, supra, that so clearly indicates by unavoidable inference, at least, that an amendment will not be allowed if its purpose is to convert the proof of a common claim to a preferred claim against a bank in liquidation, unless it is sought within the statutory period for proving claims against such bank. In the settlement of the question under consideration here we do not see that the law is different in principle from that which governs an application for an amendment to a declaration after the statute of limitation has run, when the original declaration set up a different cause of action from that stated in the proposed amendment. The principle that we refer to is stated in La Floridienne etc. vs. A. C. L. R. Co., 63 Fla. 213, 58 So. 186, as follows:

"Where a declaration is amended or a new count is added thereto, which is a mere restatement in different form of the same cause of action that was originally pleaded, the amendment or added count has relation to the beginning of the action in so far as it is affected by the statute of limitations. But, when a cause of action set forth in an amended pleading in a pending litigation is new, different, and distinct from that originally set up, there is no relation back. The new pleading is equivalent to the bringing of a new action, and the statute of limitations runs against the new cause of action to the time it is introduced into the pleading.

Under the statutes and liberal rules of the courts, amendments of defects and errors in pleadings are liberally allowed 'for the purpose of determining in the existing suit the real question in controversy between the parties.' And, when the amendment brings

in new matter arising out of 'the same general transaction or occurrences, it may not be a departure in pleading. But the statute and rules allowing amendments do not give such amendments the benefit of the legal fiction of relation back to the beginning of the action, so as to deprive a defendant of a right to the bar of a statute of limitations. The general rule is that amendments to pleadings, without regard to the time or stage of the cause at which they were introduced, have relation to the commencement of the suit, or to the time when the matter could have been pleaded originally. But relation is not imputed, if it would deprive a party against whom the amendment is made of any substantial right. If an amendment of a complaint introduces new matter or a new claim, as to which the statute of limitations has perfected a bar, the bar cannot be avoided by the legal fiction of relation by referring the amendment to the commencement of the suit. Steiner v. Bank, 115 Ala. 387, 22 South. 32; Nelson v. First Nat. Bank, 139 Ala. 578, 36 South. 707, 101 Am. St. Rep. 52; Morh v. Lemle, 69 Ala. 180; City of Kansas City v. Hart, 60 Kan. 684, 57 Pac. 938; Flanders v. Cobb, 88 Me. 488, 34 Atl. 277, 51 Am. St. Rep. 410.''

See also Tood vs. L. & N. R. Co., 68 Fla. 205, 67 So. 84, and Livingston vs. Malener, 137 So. 113.

Appellants contend with much force that cases arising under the Bankrupt Act wherein creditors were allowed to amend claims after expiration of the time allowed for proving them are analogous to the case at bar a number of Federal cases have been cited by them. There can be no doubt that the Federal Courts have been liberal to the extreme in permitting amendments in the proof of claims against a bankrupt estate, but a search of the cases will show that where amendments have been allowed the claims were usually the same after as before amendment, and not different or new claims. But whatever may be the practice permitting amendments of proof of claims under the Bankrupt Act, it is our judgment that the

legislature, in fixing a time limit for proving claims against a bank in liquidation, did not intend that a "special" depositor should have time beyond the statutory period for proving a claim to a specific fund, after having, as a common creditor filed his claim for the amount of such fund. The claim as filed gave notice of the "existence of the debt or demand, its character and amount" and upon such proof it was classified as a common claim. If allowed to amend their claim as they wish, appellants, under the guise of an amendment, would be enabled to make a claim, after the statutory period for making it had expired, which had never before been made by them. The fact that no injury would result to anyone does not justify us in searching for a meaning that would extend the time for filing claims when the language of the Statute in that respect is plain and unambiguous and its meaning clear and unmistakable.

Finding no error in the order appealed from it is hereby affirmed, and the cause is remanded for further proceedings in accordance with law.

PER CURIAM.—The record in this case having been considered by the Court and the foregoing opinion, prepared under Chapter 14553, Acts 1929, Ex Sess., adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the decree of the Court below be, and the same is, hereby affirmed, and the cause is remanded for further proceedings in accordance with law.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.