Sarah S. Duncan, a widow, *Appellant,* vs. W. H. Tunnicliffe, as Liquidator of the State Bank of Orlando & Trust Company, of Orlando, Florida, *Appellee.*

145 So. 877.

Division B.

Opinion filed January 9, 1933.

Petition for rehearing denied January 23, 1933.

*George Palmer Garrett,* for Appellant;

*H. M. Voorhis,* for Appellee.

Per Curiam.—The State Bank of Orlando and Trust Company failed and was taken in charge by appellee as liquidator in August, 1929. At the time it closed, appellant held an unmatured certificate of deposit against said bank in the sum of $5,529.33. In due course she filed her proof of claim with the liquidator as the law directs, not designating it as a preferred claim or a common claim. The liquidator classified it as the latter. This suit was brought more than twelve months after the appointment of the liquidator to have it decreed to be a preferred claim and paid as such. A motion to dismiss the bill of complaint was granted and this appeal is from that final decree.

The record and briefs of counsel have been examined and the judgment below is affirmed on authority of Courtright vs. Tunnicliffe, 104 Fla. 720, 140 So. 777.

Affirmed.

Whitfield, Terrell, Brown and Davis, J.J., concur.

Buford, C.J., and Ellis, J., dissent.

Ellis, J. (Dissenting).—The appeal in this case was from

an order sustaining a motion to dismiss the bill. The grounds of the motion were that there was no equity in the bill, that the complainant held a certificate of deposit which had not matured when the Bank closed and that she could not legally demand payment of her certificate prior to the date when the Bank closed, and thirdly that she did not file her claim as a preferred claim within one year.

The allegations of the bill well pleaded were admitted by the motion to dismiss.

These allegations show that the complainant had with the Bank a savings account deposit evidenced by a "pass book" issued to her and numbered 8969 which showed a balance on July 29, 1929, of $5,529.33; that it was the custom and banking practice of the Bank to pay out certificates of deposit issued by the Bank on demand when presented for payment and under such practice "said certificate of deposit due September 18, 1929, in the amount of $5,529.33 was presently due and payable upon the demand made by the said plaintiff, as acknowledged by the Bank on July 29th, 1929." The complainant on that date made demand in writing on the Bank for $3,500. of her deposit. The Bank acknowledged the demand but stated that the "banks of Orlando" had decided to require sixty days' notice of intention to withdraw from savings accounts, and a written notice was required of the amount desired to be withdrawn, and the banks had agreed not to pay any certificate of deposit until it was due, and that the complainant's certificate of deposit was due September 18, 1929. The allegations of the bill show that such restrictions were in contravention of the conditions and regulations prescribed by the Bank and printed upon the pass book issued to the complainant, which permitted the depositor to withdraw principal or interest by writing a check for such sum

accompanied by the pass book, and that such regulations could be changed by the Bank "by giving ten days' notice of its intention to do so," either by publication of the notice in a newspaper or mailing notice to the depositor.

The allegations show that the Bank closed four days after such demand by the complainant for her money and did not reopen again because of its insolvency.

The bill also alleges that upon the appointment of a Liquidator the complainant "filed her claim" with him on October 30, 1929, and receipt of it was acknowledged.

I think the demand of the complainant upon the Bank for $3,500. constituting part of her savings deposit was a legitimate demand and that she was within her legal rights in requiring it to be paid to her on complying with the regulations and conditions as printed on the pass book which was issued to her and that the actual compliance with those regulations was made unnecessary by the Bank's unconditional refusal to honor her check or abide by its regulations under which the deposit was accepted.

In such circumstances the relation of debtor and creditor was served in so far as $3,500. of the deposit were involved and the Bank held that sum for her benefit in trust. The refusal to abide by its own rules, its arbitrary refusal to honor the complainant's demand and that too within the shadow of impending failure in the very throes of insolvency, exhibited such bad faith as to create a trust for complainant's benefit.

The Bank wrongfully refused to pay the money which the complainant demanded and to which she was immediately entitled and now through its Liquidator seeks to place her in the class of general creditors, thus denying the trust which its bad faith cast upon it. See 39 Cyc. 172.

Upon this point the case of Mallett vs. Tunnicliffe, 102 Fla. 809, 136 South. Rep. 346, is analogous. Mrs. Mallett's attempted withdrawal from the same Bank on July 23, 1929, of the sum of $8,150. was frustrated by the Bank's official requiring sixty days' notice of her intention to withdraw the money. The Court, speaking through MR. JUSTICE DAVIS, said: "The legal effect of this operation was to convert $8,150. of the total deposit of the appellant into a special deposit amounting to a segregation of the funds in the bank to be paid to her forthwith or at the end of sixty days, depending upon whether or not the sixty-day rule and regulation was insisted upon."

The assumption that a certificate of deposit evidenced by a pass book and regulations printed upon it with a due date some day in the future altered the terms under which the deposit was made and the Bank's obligation to pay on demand in conformity to the printed regulations has no foundation in the allegations of the bill nor the law of the land.

The bill alleges that the complainant duly presented her claim to the Liquidator. It is not alleged that she waived her position as a preferential claimant, nor that she asserted the claim to be one of a general character. The fact that the Liquidator may have so labeled it, which is another assumption, did not alter the character of the transaction, nor relieve the Bank of its obligation as a trustee in the circumstances.

The case of Courtright vs. Tunnicliffe, 104 Fla. 720, 140 South. Rep. 777, has no bearing on this case, and is authority in support of no premise in an argument by which Mrs. Duncan is deprived of her rights and the Bank relieved of its responsibility.

I think the motion to dismiss should have been denied and that the order appealed from should be reversed.

BUFORD, C.J., concurs in the conclusion.