GEORGE WILLMER, *Appellant,* v. JOHN A. NEWSOM, as Liquidator of the Citizens Bank & Trust Company, *Appellee.*

149 So. 3.
Opinion filed May 20, 1933.
Re-hearing denied July 6, 1933.

*J. Tom Watson,* for Appellant;

*Himes & Himes,* for Appellee.

FRANK A. SMITH, Circuit Judge.—The appellant, plaintiff below and hereinafter referred to as such, filed his bill of complaint against the appellee, defendant below and hereinafter so designated, alleging that he had deposited funds with the Citizens Bank & Trust Company a few days before it had closed and that at the time of such deposit the bank was hopelessly insolvent and claiming that by reason of the officers of the bank knowing of such insolvency and continuing in business and thereby representing the bank to be solvent and receiving the deposit a fraud was perpetrated upon plaintiff who relied upon such representations in making his deposit and he claims the right to cancel such deposit and reclaim his property. There was an allegation in reference to making demand and presenting proof of the claim, which will be discussed later. A motion to dismiss the bill was sustained and all assignments of error are based upon such ruling.

While there were seven grounds assigned in the motion and the order did not recite upon which ground or grounds it was based, yet the fourth and fifth grounds are to the

effect that the bill contains no allegation that proof of the claim was filed with the defendant within a year pursuant to Section 1, Chapter 7935, Acts of 1919; Section 6104 C. G. L., and the seventh ground is that the only allegations of the bill with reference to the filing of the claim are merely conclusions of law.

The allegation is "that he has made a demand upon the liquidator of said Citizens Bank & Trust Company, for the return of said deposit, in the manner and form as required by law, and has complied with each and every requirement of law applicable in the premises, in making and presenting proof of his right to the return to him from the assets of said bank of the moneys so deposited." We hold that it is not a statement of the ultimate facts, but is a mere conclusion of law. Sewell v. Huffstetter, 83 Fla. 629, 93 So. 162; Stevens v. Independent Fertilizer Co., 73 Fla. 1050, 75 So. 539; Crevaling v. Chambers, 73 Fla. 512, 74 So. 511; Sparks v. Floyd County, 15 Ga. App. 80, 82 S. E. 583; Catts v. Tampa & Jacksonville Ry. Co., 75 Fla. 744, 79 So. 168.

Counsel have submitted that the learned chancellor based his ruling upon the failure of the bill to show a compliance with said Section 6140, *supra,* and, as we have observed no other deficiency in the bill, our consideration of the correctness of the ruling will be confined to that phase.

Having determined the insufficiency of the allegation, it is next necessary to decide whether such an allegation is necessary. In other words, is the compliance with such statute a condition precedent to maintain a suit against the Liquidator?

The question was slightly touched upon in the recent case of Cochrane v. Florida East Coast Ry. Co., 107 Fla. 431, 145 So. 217, but it had not been considered in the lower

court and was not directly raised in the answer to the bill. The bill and answer were both filed within the one-year period; moreover, the proof showed that the claim had been filed with the liquidator as required by law. In the opinion a reference was made to the case of Walker v. McNeill, 68 Fla. 181, 66 So. 994, as authority for the proposition that no such allegation was necessary, but at the time that case arose and was decided, there was no statute requiring the filing of claims within any particular time. In the earlier case, it was alleged in the bill that the receivers were notified of petitioner's claim prior to the time they collected the draft which was the basis of the claim, so that they were advised as to the nature of the claim even before they realized upon the collection and acquired possession of the fund.

Although it was held in the case of Campbell v. Vining, 101 Fla. 939, 133 So. 555, that compliance with Section 6104 C. G. L., *supra,* was not a prerequisite, yet the holding in that case has no application to the instant case for it was one for which the recovery of a trust fund and property which had been in the possession of the bank in its trust capacity, in reality in the trust department. It was an express trust of which the liquidator must have had full notice from the deed and trust agreement between the parties and the records which the bank would have pertaining to the transaction, so that he would be informed that the property or money derived from the sale of any of same did not constitute a part of the assets of the bank which he was to liquidate and distribute. Mr. Justice BUFORD in his opinion with reference to the provisions of the statute said that they do apply to the trust assets such as are described in the bill. The property had been conveyed to the bank as trustee and it was alleged that he had conveyed a portion of it and had received the consideration

paid for same and that a large part of it remained in the hands of the receiver.

While a trust is claimed by the plaintiff, yet the creation and results thereof were so different from that in the Campbell-Vining case, *supra,* that we do not consider the same rule should be applied here.

The Courtright case, 140 So. 777, decided by this Court last year was quite similar to the case at bar. A demurrer to the bill of complaint was sustained by the writer and an appeal taken to this court which affirmed the ruling. The allegations were entirely sufficient to show that the bank was hopelessly and irretrievably insolvent at the time of the deposit by the plaintiffs and that the officers actively represented to the plaintiffs that the bank was solvent although they (the officers) knew in fact that it was insolvent. The alleged circumstances surrounding the making of the deposit were quite similar to those in the instant case and really made a stronger case in that respect.

In this case there is no sufficient allegation showing a compliance with Section 6104, C. G. L., *supra,* whereas in the Courtright case the bill showed that a claim had been filed pursuant to the statute within the one-year period. No dividend or preferred claim had been paid on the Courtright claim when some eleven months subsequent to the expiration of the one-year period, plaintiffs demanded that the liquidator classify and pay their claim as. a preferred claim, with which request the liquidator refused to comply.

While no specific grounds were assigned in the demurrer in the Courtright case, yet in the order upon the ruling it was recited that counsel "had argued solely the question of whether the alleged preferred claim was barred by the failure to file the same within one year from the date

of the qualification of the liquidator of the bank, and the court being of the opinion that the claim as filed by the complainants was not filed as a preferred claim but merely as a common creditor, and that no preferred claim was filed by the defendants within the said year and that suit cannot be maintained as no preferred claim was filed within the said twelve months." Commissioner DAVIS in his opinion in that case recognized the basis of the ruling as disclosed by the record by the use of the following language, to-wit: "The order of the court below was grounded upon Section 18, Chapter 13576, Laws of Florida, 1929, and the appellee relies solely upon that statute for affirmance," although he did not restrict his discussion to and rule as directly upon the point as did the lower court.

In the opinion the position of the liquidator was compared to that of an executor or administrator in relation to claims against an estate being administered by him and the law with reference to compliance with and the operation of the statutes of non-claim was discussed.

In the latter part of the opinion the Commissioner used this language: "It is our judgment that the Legislature, in fixing a time limit for proving claims against a bank in liquidation, did not intend that a "special" depositor should have time beyond the statutory period for proving a claim to a specific fund, after having, as a common creditor, filed his claim for the amount of such fund. The claim as filed gave notice of the existence of the debt or demand, its character and amount, and upon such proof it was classified as a common claim. If allowed to amend their claim as they wish, appellants, under the guise of an amendment, would be enabled to make a claim, after the statutory period for making it had expired, which had never before been made by them. The fact that no injury would result to any one does not justify us in searching for a meaning

that would extend the time for filing claims when the language of the statute in that respect is plain and unambiguous and the meaning clear and unmistakable."

‹ The allegations in the bill of complaint in the case of Shank v. Tunnicliffe, 107 Fla. 606, 145 So. 256, were quite similar to those in the Courtright case and the ruling in the Courtright case was applied and controlled the decision of the later case.

The purpose of such statute to expedite the liquidation of banks and the harm consequent upon delay in such matters have been clearly and definitely discussed in previous decisions of the Court. Amos v. Conkling, 99 Fla. 206, 126 So. 283; Myers v. Federal Reserve Bank of Atlanta, 101 Fla. 407, 134 So. 600, and Courtright v. Tunnicliffe, 104 Fla. 720, 140 So. 777.

In a comparison of the situations depicted in the Courtright case and the instant case, we fail to see any differences that would relieve this plaintiff from the necessity of alleging the filing of the claim since we there held that the filing of the common claim within time and the failure to file the claim for preference within the specified time rendered the bill bad. The liquidator was advised of the existence of a claim in the former case, but not in the instant case. In the former case the plaintiff's attempted "what amounts to a withdrawal of the claim which they filed as a common creditor, and sought to substitute therefor a claim showing them to be beneficiaries of a trust fund."

"The appellee makes no contention that appellants are estopped from asserting a preference because they as common creditors filed their claim with the receiver. Indeed, this Court has indicated in Myers v. Federal Reserve Bank, *supra,* that under such circumstances there can be no election of remedy where the claimant had not drawn dividends or asserted claims and rights, other than the mere filing

of his claim, and received dividends which could only have been received as a common creditor. See, also, annotation, 69 A. L. R. 460."

While we do not say that the statute applies to every claim for specific property or so-called "ear-marked" money which may come into the hands of the liquidator with the assets and affairs of a bank which becomes insolvent, yet we do hold that even though the bank did not acquire title to this money by reason of the fraud existing at the time of its deposit, yet, without its identity being shown to have been preserved and to exist unmingled with the assets of the bank in the hands of the liquidator, the bill cannot be maintained against a motion to dismiss unless the bill contain allegations showing compliance with the statute.

The learned Chancellor committed no error in his ruling granting the motion and dismissing the bill.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.