M. A. SMITH, Liquidator Citizens Bank & Trust Co., as Executor and Trustee of the Last Will and Testament of Wm. J. Davis, Deceased, v. OTTO L. REDDISH, as Administrator *Ad Litem* of the Estate of Blanche Reddish, Deceased, *et al.*

151 So. 273.

Division A.

Opinion Filed November 27, 1933.

*Himes & Himes,* for Appellant;

*Taliaferro, Morris & Carter* and *M. B. Withers,* for Appellees.

TERRELL, J.—Item Three of the will of Wm. J. Davis, deceased, made the following bequest:

"Item 3rd. I give and bequeath to Mrs. Mary E. Baumer, of Columbus, Ohio, a sister to my dear wife, the annual income and interest on the sum of Two Thousand ($2,000) Dollars, during her life, and my executors are hereby directed to set aside and place said sum of Two Thousand ($2,000) Dollars with The Citizens Bank & Trust Company of Tampa, Florida, to be by it placed at interest, and the annual income therefrom to be paid to her annually during her life. At her death said sum of Two Thousand ($2,000) Dollars to revert to my estate and be paid over to my executors by said company."

Item One of the codicil of said will made the following bequest:

"Item 1st. I give and bequeath to my colored servant, Lewis Glover, at the death of my wife, Emma M. Davis, should she survive me, the income of One Thousand Dollars during his life, and I direct my executors to place the One Thousand Dollars at interest in trust for his benefit and the income shall be paid to him as his needs require and at his death the $1,000 shall be distributed according to the terms of this Will. It is my express purpose that said Glover have the income only on said $1,000."

The remainder of the testator's estate was bequeathed to his daughter, Elizabeth E. Oglesbee. William T. Whittington and The Citizens Bank & Trust Company of Tampa, Florida, were named as executors of the will with the proviso that if the former should die Charles E. Whittington was designated to act in his stead. The Citizens Bank & Trust Company qualified as executor and trustee under the will, and continued to act as the sole executor until its failure in July, 1929, when defendant, John A. Newsome,

was appointed and qualified as its liquidator. Both the Whittingtons were deceased.

The provisions of Item Three of the will and Item One of the codicil were undertaken and executed by the trustee from the probate of the will in July, 1899, until it closed in July, 1929. The residuary legatee, Elizabeth E. Oglesbee, died intestate, leaving as her sole heirs, the complainants, Blanche Reddish and Wm. H. Oglesbee, the former having obtained all the interest of the latter in the will and codicil by written assignment. Mrs. Mary E. Baumer, the beneficiary under Item Three of the will, is still living, but Lewis Glover, the beneficiary under Item One of the codicil, died in December, 1929.

This suit was instituted in June, 1932, by Blanche Reddish against John A. Newsome as liquidator of the Citizens Bank & Trust Company as trustee under the last will and testament of Wm. J. Davis, praying for an accounting with respect to the sums of $2,000 and $1,000 referred to in Item Three of the will and Item One of the codicil, that a successor trustee be appointed to carry out the trust provided in Item Three of the will, it having been shown that Mary E. Baumer is still living, that the defendant liquidator be required to transfer the $2,000 named in Item Three of the will to said successor trustee, with any increase thereof, and that the defendant liquidator be required to pay to the complainant, as residuary legatee under the will, the sum of $1,000 named in Item One of the codicil, it having been shown that the life beneficiary thereunder had deceased.

Newsome as liquidator answered the bill of complaint admitting the material allegations thereof but denied that the complainant or any successor trustee was entitled to receive any sum of money from the assets of the Citizens Bank & Trust Company for the reason that when it was

appointed trustee under the will and undertook the execution of the trust pursuant to Item Three of said will it paid Mary E. Baumer the interest on the sum of $2,000 until July, 1903, when it transferred to its Savings Department the sum of $2,000 from the funds belonging to said estate which were held by it on general deposit, that the said sum of $2,000 was thereby converted to its own use and commingled with the general funds of the bank and its identity lost. It is also shown that upon the death of Emma M. Davis, the wife of the testator, the trustee under the will paid to Lewis Glover the income from $1,000 as required in Item One of the codicil until July, 1907, when it transferred to its Savings Department the said sum of $1,000 from the funds of the estate which were held by it on general deposit, that the said sum of $1,000 was thereupon converted to its own use and commingled with the general funds of the bank and its identity lost. It is also shown by the liquidator that when the said sums were thus transferred to its savings department the bank opened accounts in that department under the names of "W. J. Davis Estate—for Mrs. M. E. Baumer," and "Davis Estate—Lewis Glover," respectively, that at the time of the closing of the trustee bank the said funds contained the sum of $2,009.17 and 1,010.00, respectively. It is also shown that the executor or trustee in its annual return reported and took credit for the sum of $2,000 and $1,000 transferred to its savings department and in its final return to the probate court reported the transfer of said sums to its savings department. It is further shown that no claim for the said sums transferred from the funds of the estate of the testator to the Savings Department of the bank, or for any portion thereof whatever had been filed with the liquidator, except a claim of Mrs. Mary E. Baumer in which she stated that the trustee bank was in-

debted to her in the sum of $2009.17 for the balance due on the savings account which had been opened under the name of "W. J. Davis Estate—for Mrs. M. E. Baumer."

Pending the litigation, Blanche Reddish, the successor to the residuary legatee, died and Otto L. Reddish was appointed administrator *ad litem* of her estate. M. A. Smith succeeded John A. Newsome as liquidator of the Citizens Bank & Trust Company and was substituted in his (Newsome's) place.

Pursuant to stipulation as to facts, on motion of complainant, final decree was entered in her favor on bill and answer. The final decree named the First National Bank of Tampa, Florida, as successor trustee to execute the provisions of Item Three of the will, and found that Blanche Reddish was entitled to receive the sum of $1,000 in Item One of the codicil at the time of her death. It also decreed that the complainant was entitled to a claim of $2,000 and $1,000 held by the bank as trustee under the will and the codicil and that said claims were entitled to preferential payment from the actual cash in the vaults of the trustee bank at the time it closed or from the moneys which it had on general deposit in other banks, including bonds, first mortgages, or other securities owned by it at that time. From this final decree the instant appeal was prosecuted.

The main question we are requested to answer is whether or not a claim for the trust funds held by the Citizens Bank & Trust Company as testamentary trustee under the will of Wm. J. Davis is such a claim as must be presented to the liquidator for payment within one year as required by the law of this State, the said funds during the time they were held by the bank having been transferred to its savings account and mingled with its general assets.

Appellant assumes the affirmative of this issue and relies

on Section 18 of Chapter 13576, Laws of Florida, Acts of 1929, which is as follows:

"All claims of every kind and nature against a State bank or trust company that has been placed in the hands of a liquidator must be properly sworn to and filed with the liquidator thereof within one year from the date of the qualification of the liquidator thereof of the bank or trust company, and no claims not so filed within twelve months from the date of the qualification of the liquidator thereof shall be included by the liquidator or comptroller in the distribution of the assets."

To further support his contention that the claim brought in question must be filed with the liquidator as the quoted statute directs, appellant relies on Courtright v. Tunnicliffe, 104 Fla. 720, 140 So. 777; Shank v. Tunnicliffe, 107 Fla. 606, 145 So. 256; Duncan v. Tunnicliffe, 107 Fla. 664, 145 So. 877; Willmer v. Newsome, 110 Fla. 272, 149 So. 3. It is true that these cases all relate to preferred claims, in which the foregoing statute was construed but none of them present or involve a claim parallel to the instant one.

The quoted Act is sweeping in scope and performs the function of both a statute of limitations and a statute of nonclaims. It was designated to embrace all claims of common creditors and doubtless many instances could be cited in which it would apply to the beneficiary of a trust fund as a state of facts could arise in which there would be no good reason for preferring such a beneficiary over a common creditor but that is not the case here. The appellee was not interested in the distribution of the assets of the trustee as a common creditor. She was interested only in the restoration to her of a fiduciary fund held by it to which the Act does not apply.

In the case at bar we are concerned with an express trust

placed in the hands of appellant as agent or trustee for a specified time, during which it was required to be placed at interest and the principal thereof returned to the estate of the testator at the termination of the trust. The law, Section 4186, Revised General Statutes of 1920, Section 6127, Compiled General Laws of 1927, prohibits the mingling of such funds with other funds held by the trustee and specifies how such funds shall be held and the classes of securities they must be invested in. As to these funds the relation of principal and agent existed at all times between the testator and the trustee. The debtor-creditor relation never came into existence between them.

The fact that these funds were transferred to the savings account of the bank is immaterial here, though the transfer was illegal. We may assume that in either event they were, even if commingled with other funds of the bank, invested in securities as the law directs. The funds were administered by the trustee for many years under the terms of the will and the record discloses that the principal of them, with a small amount of accrued interest, was held by the bank as trustee at the time it closed. The assets of the bank were therefore increased by the full amount of both funds.

The rule seems to be general that in case of an express trust, as between trustee and *cestui que* trust the statute of limitations has no application and no length of time will bar the claim prior to repudiation or adverse possession by the trustee and knowledge thereof by the *cestui que* trustant. Pierce v. Perry, 189 Mass. 332, 75 N. E. 734, 109 A. S. R. 637; Jones v. Home Savings Bank, 118 Mich. 155, 76 N. W. 322, 74 A. S. R. 377, 17 R. C. L. 795; Perry on Trusts, 7th Edition, Section 863.

There is no question here of repudiation or adverse possession by the trustee and no accounting has been had or

requested between the trustee and the *cestui que* trustant. The relation between them being that of principal and agent and the terms of the statute not specifically covering such a relation we are impelled to the view that it has no application to a claim predicated on the facts as outlined in this case.

We hold further that the claim brought in question is a preferred claim, not limited to payment from the cash on hand in the vaults of the bank at the time it closed but that it may be paid from the whole or general funds held or controlled by the bank at the time it closed, regardless of where located. Glidden v. Gutelius, 96 Fla. 834, 119 So. 140, rehearing denied (Fla.) 120 So. 1; Meyers v. Matusek, 98 Fla. 1126, 125 So. 360.

The cases last cited settle conclusively the rule that funds of a *cestui que* trust are held in a fiduciary capacity only and must be kept segregated from the general funds of the trustee. They are in no sense the property of the trustee and if the common fund is dissipated courts will indulge the presumption that the funds dissipated were those of the trustee rather than those of the *cestui que* trust. Equity will impress a trust on the entire mass for payment of the trust fund.

Affirmed.

Whitfield, Ellis and Buford, J. J., concur.

Davis, C. J., dissents.

Davis, C. J. (dissenting).—No more comprehensive language could be used than what is used in our statute to the effect that "all claims of every kind and nature" shall be presented to the bank's liquidator within one year. The statute is a statute of non-claim and in my judgment covers just what the statute says, "every kind and nature of" claim that, if allowed, would have to come out of assets which

28

the liquidator has come into possession of in his official capacity. By no other construction can the real purpose of the statute be subserved, as I see it.