G. L. MILLER, a citizen of the State of Florida v. J. M. LEE, Comptroller of the State of Florida.

6 So. (2nd) 4                  Division B
February 6, 1942     Rehearing Denied February 28, 1942

Redfearn & Ferrell, for relator.
Lewis H. Tribble, for respondent.

THOMAS, J.:

This case, one of original jurisdiction, is ready for final judgment upon the alternative writ, the return and a statement of facts to which the respective parties through their counsel have agreed. Inasmuch as no attack was made upon any of the pleadings we will proceed immediately to the factual situation relied upon by the relator as a basis for decision in his favor.

Under the direction of the comptroller the affairs of the Trust Company of Florida were liquidated and, eventually, the liquidator paid all expenses, issued warrants for all preferred and common claims and for

a refund of 2½ per cent to the stockholders on their investment. Thereupon, the remaining assets, the undelivered warrants, the funds against which warrants had been drawn and certain moneys against which no warrants were drawn were all delivered to the respondent who now has custody of them. This occurred more than two years before the institution of the suit.

The total amount of the undelivered warrants, to cover which moneys are now on deposit with the comptroller, is $17,291.45; consisting of three items: open accounts, $62.44; preferred accounts, $14,638.62; and undisturbed trust funds, $2,590.39.

Not included in the above figures are moneys retained on deposit with the state treasurer aggregating $2,168.20: allocated to contingencies and the cost of caring for records, $188.34; representing funds from the Florida Power and Light Company held in trust for the beneficiaries, $1,080.94; and amounts received from the same company as refunds to tenants of trust properties, $898.92.

For the purpose of this decision it seems advisable to reclassify the total funds consisting of the one against which warrants were issued ($17,291.45) and the one against which no warrants were issued ($2,168.20), aggregating $19,459.65, as follows: (1) dividend on ten shares of stock owned by Harry G. Griswold, $25; (2) amount retained by comptroller to cover servicing of rceords, $188.34; (3) dividends on open accounts, $37.44; and (4) moneys held in trust, $19,208.87. The relator seeks a writ commanding the comptroller to pay to the defunct Trust Company of Florida the funds described in clauses 2, 3 and 4, or to deliver 199/200ths thereof to him individually because he owns that proportion of the capital stock,

being all of it except the ten shares above referred to in the name of Harry G. Griswold.

It is evident from the pleadings and the stipulation that all of the moneys represented by warrants, except the dividend due Griswold, which the relator does not claim, and the item of $37.44, may be called trust funds. To be more specific it is written in the stipulation that the warrants aggregating $14,638.62 "represent money collected by the Trust Company of Florida as trustee of various and sundry trust agreements wherein the Trust Company acted as trustee for the collection of moneys due on mortgages, mortgage bonds, and foreclosed mortgages." It is further stipulated that the item of $2590.39 heretofore mentioned "represents money collected by the liquidator on rents, leases, power company refunds, etc., due on various properties, the title to which had come into the Trust Company of Florida by virtue of foreclosure of mortgages or otherwise, as trustee for the benefit of the mortgagees . . . and . . . that none of said funds represented by said warrants . . . were the assets of the Trust Company of Florida at the time of their deposit with the said trust company, but that they belonged to various beneficiaries of trusts for whom the Trust Company of Florida was acting as trustee."

We are not advised about the origin of the amount of $188.34 set aside by the comptroller to defray expenses of caring for the deposits, but it is admitted in the record that the other two items, namely, $1080.94 and $898.92, representing refunds from a utility company, that they, too, are trust accounts.

It is the contention of the relator that the payment of the whole amount, excepting $25.00, should be made by the comptroller to the corporation or that

199/200ths of it should be made directly to him because of the provisions of Chapter 15877, Laws of Florida, Acts of 1933; therefore, the question we are to consider and decide is narrowed to the one whether the provisions of that Act will operate on moneys in the hands of the comptroller received by him from a defunct trust company which held them in the capacity of trustee.

The Act with which we are dealing is one that amended Section 1 of Chapter 7935 (1919) which was amended by Section 18 of Chapter 13576 (1929). The original Act limited the time for filing claims against trust companies and receiverships and simply provided that such claims should be lodged with the receiver within a year from the time the bank failed in default of which the claimant would not be included in the distribution of assets. The only changes in the original Act made by the amendatory one (13576) were the substitution of the title "liquidator" for "receiver" and the fixing of the date within which claims were required to be filed by computing it from the date of the qualification of the liquidator instead of the time of the failure.

Thus, it will be seen that the only subject dealt with by the legislature in the original and first amendatory Acts was the one establishing a time within which claims were required to be filed with the receiver or the liquidator in order to participate in the distribution of the assets. The title of the present law shows clearly that it was the intention of the legislature to amend Chapter 7935 "as amended by Section 18 of Chapter 13576 of the Laws of Florida, Relating to Banking," and then there is added the significant concluding clause, "and to Provide for the Disposition of

Unclaimed Dividend Warrants." In passing the first two laws it is obvious the legislature was considering only the subject of limiting the time within which verified claims should be filed in order for those who presented them to share in the assets.

In the last Act the same subject was treated and, in addition, provision was made for the disposition of warrants not demanded within a certain period. The first section of the latest Act is the one enacting an amendment to the others and the second section introduces the new but allied subject. A study of it divulges that it has no reference to stock dividends but to those "representing . . . claims" so that the entire field of operation of the three statutes was intended only to embrace the same type of claims against trust companies as were under consideration when the first two were enacted. It was not the purpose of the last Act to broaden their definition but simply to establish procedure to dispose of the warrants which had not been delivered.

It seems, then, that what was said by this Court in Smith v. Reddish, et al., 113 Fla. 20, 151 So. 273, about the nature of such claims is as decisive of this case as it was of the one then under study by the court. There it was definitely held that the phraseology "all claims of every kind and nature" appearing in Section 18 of Chapter 13576, supra, did not include trust funds and that the relationship of debtor and creditor had never existed but, on the contrary, the bank was a trustee, therefore, there was no requirement in the law that with reference to the trust funds a representation should be made to the liquidator within the statutory period.

One sound reason for the legislature not attempting to return to the stockholders of a defunct trust company trust funds held by the comptroller in circumstances like the present ones is suggested to us by the relator's reply to the respondent's earnest contention that the moneys should be safeguarded in the hands of that official. It is his response that even if they do have the trust character, disposition of them may be had in later litigation after their delivery to him. It is true that in the instant case there are but two holders of stock, the relator and Griswold, and that a suit by cestui que trustent might be comparatively simple, but if there were numerous stockholders and funds of the kind now involved were distributed among them according to their stock, recovery by a claimant after such delivery would be fraught with difficulty if not made entirely impracticable. It would likewise be infeasible to order the money delivered to the insolvent and liquidated trust company for distribution by it.

We are constrained to the view that the relator is entitled to a writ for his proportionate share of the sum of $37.44 and that the remaining amounts, including the one set aside by the comptroller to cover the expenses of administration of the trust funds should remain as they are now deposited.

A peremptory writ will be issued accordingly.

BROWN, C. J., TERRELL and CHAPMAN, JJ., concur.