ALLEN, Chief Judge.
The appellants were the defendants and the appellee was the plaintiff in the lower court.
Plaintiff filed his bill of complaint in chancery as administrator de bonis non of the estate of his father, against the executor and executrix of the estate of his half-sister, Claudia Johnson Bolen, and against the guardian of his incompetent half-sister, Claudia Louise Williams. The cause was subsequently transferred to the law docket. The amended complaint asserted that plaintiff’s half-sister, Claudia Johnson Bolen, while and before she was administratrix of plaintiff’s father’s estate, concealed and converted to her own use $31,700 in cash and certain jewelry that belonged to the estate of plaintiff’s father. The complaint also asserted that plaintiff did not discover these facts until the death of Claudia Johnson Bolen at which time part of this jewelry appeared in the inventory of her estate. The plaintiff sought the jewelry or its value plus a claim for the money that had been allegedly converted.
The answer of the executor and executrix of the estate of Claudia Johnson Bolen denied the allegations of the complaint and asserted that the action should be barred by the statute of limitations inasmuch as James J. Johnson, Sr. had been dead for 10 years; that Aurilla Johnson, the widow of Johnson, Sr. and original administratrix of his estate had been dead for 9 years; that Claudia Johnson Bolen had been dead for 2 years; and that an unappealed order of distribution of the estate of Johnson, Sr. had been entered under which plaintiff received a one-fourth share. The answer also asserted laches, failure of the complaint to state a cause of action, and that since plaintiff did not appeal the foremen-tioned final order of distribution, plaintiff should not now be permitted to bring this suit.
The answer of the guardian of the estate of Claudia Louise Williams, incompetent, asserted that the jewelry in question was given to Claudia Johnson Bolen during her lifetime and therefore there was no duty to account for it in administering the estate of Johnson, Sr.; and that this cause of action did not accrue within 3 years prior to bringing this suit.
The jury returned a verdict of $31,700 plus 16 items of jewelry and some gold coins. Final judgment was entered on the verdict from which defendants take this appeal.
The background of this lawsuit involves a display of “ill gotten gains” and resultant tragedy. The record is voluminous, including probate proceedings of two decedents.
James J. Johnson, Sr., hereafter referred to as Johnson, Sr., operated and financed bolita, “Cuba,” and a gambling house in West Palm Beach for several years prior to his death. In order to operate, it was necessary to carry a “bank” of $21,000 for “Cuba” and $10,700 for bolita.
On July 1, 1946, the above sums were placed in Johnson, Sr.’s office safe in preparation for operations on July 3, 1946. This money was last seen about 3:00 P.M. on July 1. There were several pieces of jewelry that had been pawned to Johnson, Sr. in connection with the gambling house, also in the safe with the money.
Johnson, Sr. was murdered on July 2, 1946, at approximately 9:00 o’clock P.M. At approximately 10:00 o’clock P.M. Claudia R. Johnson (subsequently Claudia Johnson Bolen) was seen going into the office where the safe was kept and returning shortly thereafter with a bag and satchel.
On July 8, 1946, Amelia L. Johnson, the widow of James J. Johnson, was appointed administratrix of the estate and served until her death on August 22, 1947. Although the estate was valued at $164,464.98, she reported neither the “bank” money nor the jewelry.
On August 27, 1947, Claudia R. Johnson was appointed administratrix and took oath *866 according to law. In her inventory filed September 23, 1947, she did not report the money nor the jewelry.
The plaintiff was the illegitimate son of James J. Johnson, Sr. As a result of a petition filed by him, the County Judge, on February 17, 1949, entered an order fixing his right to inherit from his father. This order was appealed to the Circuit Court and affirmed. On March 4, 19S0, the Supreme Court filed its mandate affirming the Circuit Court, see also In re Estate of Johnson, Fla., 44 So.2d 817.
On May 9, 1950, the plaintiff filed a petition to require Claudia R. Johnson to furnish a detailed statement of receipts and disbursement so that the true condition of the estate could be determined. On August 23, 1950, he filed a petition to require Claudia R. Johnson to produce the assets of the estate for inspection and an order was entered thereon on August 26, 1950. Upon her failure to do so, the plaintiff filed a petition to have her removed as administratrix and an order requiring her to show why she should not be removed was entered.
On October 7, 1950, a statement of objection to the administration of the estate was filed by the plaintiff, which stated, among other things, that there had been no report made of the jewelry, nor the “bank” money. On October 25, 1950, Claudia filed an answer denying knowledge of either and at the hearing on January 30, 1951, disclaimed any knowledge of either. On February 23, 1954, Claudia R. Johnson was discharged as administratrix of the estate.
Claudia Johnson Bolen (Claudia R. Johnson) died on July 28, 1954. On September 7, 1954, the appraisement was filed showing certain pieces of jewelry. On April 8, 1955, the plaintiff petitioned for and was appointed administrator de bonis non of the estate of James J. Johnson. On April 14, 1955, he filed a proof of claim in defendant’s estate claiming the jewelry and $31,700 in cash to which the defendants objected. On May 10, 1955, suit was filed.
At the trial, the plaintiff identified the jewelry, as reflected in the verdict, as having belonged to his father.
Numerous points are presented by the briefs of the appellants, only one of which we shall discuss, namely, under the facts adduced at the trial, was the plaintiff barred by the statute of limitations in the bringing of this suit?
The appellee states the question in his brief as follows:
“Where a beneficiary of an estate takes and secretes property belonging to an estate, and second beneficiary knows that the property is missing but does not know who took it, and the property is not reported by the then administratrix of the estate and approximately a year later the first beneficiary is appointed administratrix of the estate but does not report that property as an asset of the estate during her term of office and approximately six and one-half years later petitions for and receives her discharge; and dies seven months later, at which time a part of the property is found among the assets of her estate, whereupon the second beneficiary, as administrator de bonis non, filed a claim within five months against her estate, and upon an objection thereto, filed suit within one month against her estate, is such a suit barred by the statute of limitations?”
 Blanket objections were made to the charges of the court but these objections was not properly assigned as points in the appellant’s brief and had they been, the court would not reverse the lower court upon the objections made as we are of the opinion that the charge of the court properly presented the issues involved in this very complicated case. The court, in his instructions, informed the jury that if they should find from the evidence that the *867 money or jewelry or part of it belonged to the decedent, James J. Johnson, Sr., on the date of his death, that Claudia Johnson Bolen obtained the property and kept it in her possession and did not include the property as the property of the decedent, they must bring a verdict in favor of the plaintiff unless the action was brought too late under the three-year statute of limitations, F.S.A. § 95.11(5), and under the limitation plea, should determine whether the plaintiff’s failure to sue earlier was due to his lack of knowledge of the taking by Claudia Johnson Bolen because of the fraudulent concealment, including therein the question of whether the plaintiff lacked the opportunity of discovering the property until after the death of Claudia Johnson Bolen.
There is evidence in the record from which the jury could have determined that James J. Johnson, Sr., at the time of his death, owned certain jewelry and money which subsequently came in the possession of Claudia Johnson Bolen; that these assets were not administered by her but were secretly converted to her own use; and that the plaintiff did not discover these facts until after the death of Claudia Johnson Bolen. Her executor and executrix found the jewelry and some money belonging to the said Claudia Johnson Bolen and inventoried this as assets of her estate. The pleadings of the defendant admitted that Claudia Johnson Bolen came into •possession of the jewelry but denied it belonged to James J. Johnson, Sr. at the time of his death, and denied that it belonged to the estate of James J. Johnson, Sr., but affirmatively alleged that it was the individual property of Claudia Johnson Bolen.
In the case of Dacus v. Blackwell, Fla. 1956, 90 So.2d 324, 327, the Florida Supreme Court, in an opinion by Mr. Justice O’Connell, said:
“In Amos v. Campbell, supra, we held that an executor remained a trustee as to undistributed assets of the estate for 15 years after his final discharge. In arriving at its conclusion in the last cited case this Court said that ‘ * * * the trust growing out of the office of the executor or administrator is not only direct but peculiarly within the province of equity jurisdiction * * *.’ The Court in deciding that the statute did not run held that ‘ * * * the settlement of an executor’s account in the proper court does not change his character as trustee, and that he still holds the assets for the purposes of the will and not adversely to it * * *.’ This case is still good law. It accords with logic and reason. A trustee should not be allowed to profit by failure to do that which the relationship requires be done. We hold that a personal representative is a trustee, for the creditors and heirs, of the assets of an estate. That the statute of limitations does not run until repudiation of the trust or adverse possession by the trustee with knowledge by the cestui que trust is well settled. Walker v. Landress, 111 Fla. 356, 149 So. 545, and Smith v. Reddish, 113 Fla. 20, 151 So. 273. Repudiation of the trust and knowledge by the plaintiffs do not appear in the record before us.
* * * * * *
“A personal representative is under a duty to collect debts due the estate, whether due from himself or someone else. He is considered as having paid the debt due from himself and as having in his possession in his fiduciary capacity that much more cash. Danielson v. Redenbaugh, 1943, 233 Iowa 1343, 11 N.W.2d 593, 595, 597. This should be particularly true where the personal representative inherits from the estate.
“Under the above statute, Chapter 18999, supra, Maude Feaster owed the estate of her husband a sum equal to the pro rata share of taxes, costs, etc. imposed on her dower share. If she did not pay these sums she is con *868 sidered to continue to hold them as trustee (executrix) and her estate is liable therefor. The trial court should determine the amount which was due by the widow and whether payment was made by her.”
See also Proctor v. Schomberg, Fla.1953, 63 So.2d 68.
The Supreme Court of Georgia, in an excellent discussion of limitations of actions in connection with the administration of estates, in the case of Morris v. Johnstone, 1931, 172 Ga. 598, 158 S.E. 308, 312, said:
“An administrator occupies a position of the highest trust and confidence to heirs at law, and is required to act in entire good faith in performing the duties of his trust. 24 C.J. 48 (§ 463) A. The administrator is a trustee, and as such he must exercise the utmost good faith in his administration, and he is not allowed to promote his own personal interest to the injury of the heirs at law. James v. Kelley, 107 Ga. 446, 448, 33 S.E. 425, 73 Am.St. Rep. 135. If no facts are involved but the simple one of the length of time which had elapsed between the accrual of the action and the institution of the suit, the question whether the action was barred would be one of law; but where there are facts involving fraud and excuses for delay in discovering the same, the question is one of mixed law and fact, and is a question for determination by the jury under proper instructions from the court. Hickson v. Bryan, 75 Ga. 392(3b), 397. Where persons sustain towards another a relation of trust and confidence, their silence when they ought to speak, or their failure to disclose what they ought to disclose, is as much a fraud in law as an actual affirmative false representation. Mere silence on their part as to a cause, the facts giving rise to which it is their duty to disclose, amounts to a fraudulent concealment. American National Bank v. Fidelity Co., 131 Ga. 854, 859, 63 S.E. 622, 21 L.R.A., N.S., 962. Concealment. American National Bank v. Fidelity Co., 131 Ga. 854, 859, 63 S.E. 622, 21 L.R.A., N.S., 962. Concealment per se amounts to actual fraud when from any reason one party has a right to expect full communication of the facts from another. This is a well-settled principle recognized both by the civil and moral law. Poullain v. Poullain, 76 Ga. 420, 447, 4 S.E. 92. The concealment of a right by one whose duty it is to disclose it prevents the running of the statute of limitations in favor of the party in default. It is a legal fraud. Hoyle v. Jones, 35 Ga. 40(2), 44, 89 Am.Dec. 273. If a receipt in full is given by an heir at law to administrators of the estate of a deceased ancestor, in consequence of fraudulent conduct and misrepresentations of the administrators, whereby the heir at law was induced to make the settlement and give the receipt to the administrators, the statute of limitations will run only from the discovery of the fraud. Stidham v. Sims, 74 Ga. 187.”
See also Born v. Bluestein, Tex.Civ.App. 1949, 220 S.W.2d 345; Browder v. Costa, 1926, 91 Fla. 1, 109 So. 448.
We are of the opinion that the lower court committed no reversible error and should be affirmed.
Affirmed.
KANNER, J., and SEBRING, H. L., Associate Judge, concur.