PER CURIAM.
Plaintiff, Robert K. Bradbury, appeals an order of the trial court granting, with prejudice, defendants’ motion to dismiss the complaint. The order granting the motion to dismiss recites that the complaint shows on its face that plaintiff’s action is barred by section 95.11, Florida Statutes (1977). Plaintiff contends there are theories available to plaintiff which would not be barred by section 95.11 and suggests among others the theory of a resulting trust.
A beneficiary of a resulting trust is not bound to act until the trustee repudiates the trust or begins to hold the property adversely with knowledge on the part of the beneficiary. Smith v Reddish, 113 Fla. 20, 151 So. 273 (1933); Anderson v. Northop, 30 Fla. 612, 12 So. 318 (1892); Peacock v. Firman, 177 So.2d 560 (Fla. 3d DCA 1965), cert. denied, 183 So.2d 215 (Fla.1965).
We cannot say that plaintiff will be able to state a cause of action not barred by the statute of limitations. However, he should be given the opportunity to amend his complaint. Fla.R.Civ. P. 1.010; Town of Coreytown v. State, 60 So.2d 482 (Fla.1952).
REVERSED.
ORFINGER and COBB, JJ., and WATSON, RICHARD O., Associate Judge, concur.