LA FLORIDIENNE, J. BUTTGENBACH & COMPANY, SOCIETE ANONYME, A CORPORATION UNDER THE LAWS OF THE KINGDOM OF BELGIUM, *Plaintiff in Error*, v. ATLANTIC COAST LINE RAILWAY COMPANY, A CORPORATION, *Defendant in Error*.

1. Where a cause of action set forth in an amended pleading is new, difference and distinct from that originally set up, the new pleading is equivalent to the bringing of a new action, and the statute of limitations runs against the new cause of action to the time it is introduced into the pleading.

2. The statute and rules allowing amendments do not give to such amendments the benefit of the legal fiction of relation back to the beginning of the action, so as to deprive a defendant of a right to the bar of a statute of limitations.

3. If an amendment of a complaint introduces new matter or a new claim, as to which the statute of limitations has perfected a bar, the bar cannot be avoided by the legal fiction of relation by referring the amendment to the commencement of the suit.

4. Where a common law right of action is without leave of court substituted for a wholly different statutory right of action after the common law right of action is barred by the statute of limitations, an order of the court striking the amendment will not be reversed.

Writ of error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*Bisbee & Bedell,* for Plaintiff in Error;

*R. A. Burford,* for Defendant in Error.

WHITFIELD, C. J.—An action authorized by Section 1911 of the General Statutes of 1906, was begun in August, 1907, to recover freight charges collected by the defendant railroad company during the years 1904, 1905 and 1906 in excess of the rates fixed by the Railroad Commissioners together with expenses and attorney's fees as allowed by the statute. The declaration was amended restating the statutory cause of action and among the pleas to the declaration as amended was the following:

"2. And for a second and further plea this defendant

says that the alleged cause and causes of action set forth in said amended declaration, did not accrue within one year prior to the commencement of the plaintiff's said suit, and that prior to the third day of June, A. D. 1907, plaintiff's right to prosecute and maintain any suit to enforce the alleged demands set forth in plaintiff's amended declaration had fully ceased and terminated, and this the defendant is ready to verify."

On December 5, 1910, the plaintiff without leave of court filed an amended declaration substituting for the statutory cause of action a common law count, as follows:

"Comes now the plaintiff, by Bisbee & Bedell, its attorneys, and confessing that the amended declaration in the above entitled action states no cause of action against the second plea of the defendant to the said declaration, to which plea a demurrer is pending, and by way an amended declaration says: That before and at the time this action was brought, the said defendant was indebted to the plaintiff in the sum of $50,000.00, for so much money had and received by the defendant for the use of the plaintiff. And plaintiff claims damages to the amount of $50,000.00.

Bisbee & Bedell, Plaintiff's Attorneys.

Bill of Particulars to Common Count.

Defendant carried, as a common carrier, for the plaintiff in the year A. D. 1904, from interior points in Florida, to-wit: Croom, Dunnellon, Floral City, Chatmar, Hernando to Port Tampa, Florida, phosphate and phosphate rock to the amount of 35,532 tons and charged, and plaintiff paid for such carriage $6500.00 in excess of lawful and reasonable charges for such carriage.

And defendant carried for the plaintiff as a common carrier in the year A. D. 1905 from said interior points in Florida to Port Tampa, Florida, phosphate and phosphate rock to the amount of 20,764.67" and defendant charged for such carriage and plaintiff paid therefore $2500.00 in excess of lawful and reasonable charges for such carriage.

And defendant carried for plaintiff as a common carrier in the year A. D. 1906, from said interior points in Florida to Port Tampa, Florida, phosphate and phosphate rock to the amount of 17,867.89" and defendant charged and plaintiff paid for such carriage, $1000.00 in excess of lawful and reasonable charges for such carriage.

And defendant as common carrier, in the year A. D. 1906, carried for the plaintiff phosphate and phosphate rock from Croom to Chatmar, Florida, to the amount of 13,017 tons, and charged for such carriage and plaintiff paid therefor $700.00 in excess of lawful and reasonable charges for such carriage.

And defendant as a common carrier, in the year A. D. 1906, carried for the plaintiff phosphate and phosphate rock from Hernando to Chatmar, to the amount of 1,704.45 tons, and defendant charged and plaintiff paid for such carriage $1000.00 in excess of the lawful and reasonable charges for such carriage.

And during the years A. D. 1904, 1905 and 1906 the defendant as a common carrier carried for the plaintiff from the said interior points and places in Florida to Port Inglis, Florida, phosphate and phosphate rock to the amount of 40,000 tons and the defendant charged and plaintiff paid for such carriage $30,000.00 in excess of the lawful and reasonable charges for such carriage.

Bisbee & Bedell, Atty's for Plaintiff."

A motion to strike the amended declaration and to dismiss the cause was filed January 10, 1911. On February 16th, 1911, by leave of court the following amendment was filed:

"Comes now the plaintiff by Bisbee & Bedell its attorneys and by leave of court first had and obtained, amends the common count in said action and the Bill of Particulars filed thereto by adding after the word "carriage" at the end of each of the six paragraphs of said bill of particulars the following words, to-wit: "by virtue of and according to the commission rate fixed determined by the Railroad Commissioners in the State of Florida for the transportation of phosphate, prior to the said transportation and every part thereof. And the plaintiff sues to recover the said excess mentioned and stated in said bill of particulars," and hereby makes the bill of particulars a part of each count."

Subsequently the court struck the amended declaration containing the common count as amended. The plaintiff not desiring to amend, the cause was dismissed, and the plaintiff took writ of error.

Where a declaration is amended or a new count is added thereto, which is a mere restatement in different form the same cause of action that was originally pleaded, the amendment or added count has relation to the beginning of the action in so far as it is affected by the statute of limitation. But when a cause of action set forth in an amended pleading in a pending litigation, is new, different and distinct from that originally set up, there is no relation back. The new pleading is equivalent to the bringing of a new action, and the statute of limitation runs against the new cause of action to the time it is introduced into the pleading.

Under the statutes and liberal rules of the courts, amendments of defects and errors in pleadings are liberally allowed "for the purpose of determining in the existing suit the real question in controversy between the parties." And when the amendment brings in new matter arising out of "the same general transaction or occurrences," it may not be a departure in pleading. But the statute and rules allowing amendments do not give such amendments the benefit of the legal fiction of relation back to the beginning of the action, so as to deprive a defendant of a right to the bar of a statute of limitations. The general rule is that amendments to pleadings, without regard to the time or stage of the cause at which they are introduced, have relation as to the commencement of the suit, or to the time when the matter could have been pleaded originally. But relation is not imputed, if it would deprive a party against whom the amendment is made of any substantial right. If an amendment of a complaint introduces new matter or a new claim, as to which the statute of limitations has perfected a bar, the bar cannot be avoided by the legal fiction of relation by referring the amendment to the commencement of the suit. Steiner v. Bank, 115 Ala. 387, 22 South. Rep. 32; Nelson v. First Nat. Bank, 139 Ala. 578, 36 South. Rep. 707; Mohr v. Lemle, 69 Ala. 180; City of Kansas City v. Hart, 60 Kan. 684, 57 Pac. Rep. 938; Flanders v. Cobb, 88 Me. 488, 34 Atl. Rep. 277, 51 Am. St. Rep. 410.

The common count and the bill of particulars attached thereto, filed without leave of court as a substitute for the original count, and the subsequent amendment to the bill of particulars which was filed with leave and specifically made a part of the common count, states a cause

of action at common law, and the amendment was not only improperly filed without leave of the court, but it states a new and different right of action.

The statutory right of action allows the shipper to recover any "over charge" for the transportation of freight paid in excess of the rates prescribed by the railroad commissioners "together with such additional amount as the jury may find necessary to reasonably compensate him for all expense, including the value of his own time and services, and all reasonable cost and attorneys' fees incurred in the recovery of such damages," provided the action is "brought within twelve months after the commission of the alleged wrong or injury." The common law right of action allows the recovery only of freight charges paid in excess of reasonable rates.

The common law right of action to recover freight charges collected in excess of reasonable rates is wholly different from and has no necessary connection with the statutory right of action to recover freight charges in excess of the rates fixed by the commissioners, together with expenses. The demand is new and different, and the measure of recovery is different, therefore the substitution of the common law right of action for that given by the statute constitutes a departure from a right of action asserted under a statute to a right of action afforded by the common law, and should not be permitted after the common law right of action is barred by the statute of limitations. See Union Pac. Ry. Co. v. Wyler, 158 U. S. 285, 15 Sup. Ct. Rep. 877; Boston & N. R. R. v. Hurd, 108 Fed. Rep. 116, 47 C. C. A. 615, 56 L. R. A. 193; Parmelee v. Savannah, F. & W. Ry., 78 Ga. 239, 2 S. E. Rep. 686; 31 Cyc. 414; 3 A. & E. Ency. L. & Pr. 705, 786; Missouri K. & T. Ry. Co. v. Bagley, 65 Kan. 188, 69 Pac. Rep. 189, 3 L. R. A. (N. S.) 259 and notes; Whalen v.

Gordon, 95 Fed. Rep. 305, 37 C. C. A. 70; Box v. Chicago R. I. & P. Ry. Co., 107 Iowa 660, 78 N. W. Rep. 694; Holliday v. Jackson, 21 Mo. App. 660; Chicago B. & Q. R. R. Co. v. Jones, 149 Ill. 361, 37 N. E. Rep. 247, 41 Am. St. Rep. 278; Mayo v. Spartanburg U. & C. R. Co., 43 S. C. 225, 21 S. E. Rep. 10.

There was no error in striking the substituted count stating a different cause of action and filed without leave of the court, after the cause of action alleged in the substituted count was barred by the statute of limitations.

The judgment is affirmed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.