GORDON J. BARNETT v. C. M. SLAUGHTER.

166 So. 580.
Division B.
Opinion Filed March 12, 1936.
Rehearing Denied March 21, 1936.

*George Palmer Garrett,* for Plaintiff in Error;

*Thomas B. Adams* and *W. A. Pattishall, for Defendant* in Error.

BUFORD, J.—This case is before us on motion to dismiss the writ of error or affirm the judgment of the lower court. It is the second appearance of the case here. See Slaughter v. Barnett, 114 Fla. 352, 154 Sou. 134. That opinion was filed March 27th, 1934.

The declaration before us in that case set up as a cause of action breach of contract. On August 5, 1935, plaintiff in the court below amended his declaration. The amended declaration filed on the 5th day of August, 1935, is a decla-

ration in tort alleged to have been committed by Slaughter in the misrepresentation of facts connected with the sale of certain property (which was the same property involved in the original declaration) under foreclosure.

The cause of action alleged in the amended declaration is a different cause of action from that alleged in the original declaration.

A plea to the amended declaration which was sustained by the court below when attacked by demurrer and motion to strike was as follows:

"1. That the alleged cause of action did not accrue within three (3) years before the filing of said amended declaration."

The Order was as follows:

"Now this day this cause coming on to be heard, upon due notice, upon the motion to strike and demurrer directed by plaintiff to the pleas filed by the defendant numbered 1, 2 and 9, and each of same severally, addressed to the last amended declaration, and the court having heard the argument of counsel and being fully advised in the premises,

"It Is Considered by the Court That the said motion to strike and demurrer be and they are hereby sustained as to Pleas numbered 2 and 9, and overruled as to Plea No. 1. Exception noted for Plaintiff.

"And Plaintiff having announced that he does not care to plead further save to join issue on said first plea, which he now does, the Court notes such joinder of issue on said first plea.

"Done and Ordered in open Court at Orlando, Florida, this 13th day of November, A. D. 1935."

Issue was joined on Plea No. 1.

Order entered in open court on the 13th day of November, 1935, is as follows:

"It Being Stipulated by and Between Counsel for respective parties hereto, in open Court, that, for the purpose of bringing said cause to an immediate determinative issue, the defendant withdraws all pleas herein filed save the first plea to the last amended declaration, hereby reserving the privilege, in the case of reversal in this cause by the Supreme Court, of repleading the pleas which he has already interposed, other than the first plea.

"Thereupon, the Plaintiff joins issue on said first plea and announces that the first plea is true in point of fact as referring to the date of filing of the last amended declaration, and the plaintiff does not care to dispute the fact that the cause of action complained of occurred more than three years since the last amended declaration was filed, it being the contention of the plaintiff that the three-year Statute does not apply in point of law, because the cause of action sued on in the last amended declaration is the same as that sued upon in the original declaration and that at the time of filing this suit neither three nor five years has passed since the cause of action arose.

"Thereupon, a Jury having been empaneled in the box to try the issue in the said cause, and the Court having announced that he would direct a verdict for the defendant on the first plea, namely, the plea of the Statute of Limitations of three years, on the admission of the Plaintiff that in point of fact said plea is true as relates to the date of the accrual of the cause of action prior to the filing of the last amended declaration, and counsel for both sides have rested, counsel for plaintiff thereupon elects to take a voluntary nonsuit with right to bill of exceptions which is thereupon done in open Court. Sixty days allowed for presenting bill of exceptions."

240

Thereupon, judgment of nonsuit was entered. To this judgment writ of error was taken.

The judgment should be affirmed on authority of Livingston v. Malever, 103 Fla. 200, 137 Sou. 113, and cases there cited.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.