W. L. Wilbur and J. W. Cunningham, co-partners, as Wilbur - Cunningham Construction Company, v. W. M Hampton.

174 So. 742.
Opinion Filed May 20, 1937.
Rehearing Denied June 16, 1937.

*Solon Mitchell* and *W. H. Poe,* for Plaintiffs in Error; *McKillop & Hamilton,* for Defendant in Error.

Whitfield, P. J.—The suit was brought against W. M. Hampton and R. B. McMillen in equity and transferred to the law docket under the statute. The bill of complaint stating the cause of action was perhaps defective as to the defendant Hampton, and possibly defective also as to the other defendant. The claim against each defendant arose out of alleged separate contract relations for labor used in improving real estate in which real estate each defendant had a definite successive interest. The remedy sought was a lien upon the lands improved. At least a part of the claim could not legally be enforced in equity. There were enough allegations in the bill of complaint to warrant perfecting amendments to state a distinct cause of action against the defendant Hampton, either in equity or at law.

The statute authorized a transfer of the cause to the law docket; and after the transfer a cause of action defectively stated in the bill of complaint against Hampton may be properly stated in the declaration in the law court for appropriate relief. And such a statement of a cause of action at law against the defendant Hampton, is not distinct from the cause of action against him as defectively stated in the bill of complaint, and it is not barred by the statute of limitations since the original process in the cause transferred under the statute was duly served upon Hampton before the statute had run.

Judgment reversed.

TERRELL, BUFORD and DAVIS, J. J., concur.

ELLIS, C. J., and BROWN, J., dissent.

DAVIS, J. (concurring with Whitfield, P. J.).—The transcript shows that this case was begun in the Chancery Court on December 21, 1925. A subpoena in chancery was issued on that date and served on December 29, 1925, as to one defendant and an alias subpoena as to the other issued January 19, 1926. The defendants appeared in response to the process. All these proceedings were had within the three-year statute of limitation applicable to suits at law of the character involved in this record after the equity cause was transferred to the law side of the Court.

From December 21, 1925, to August 17, 1932, the cause pended in equity. From February or March, 1928, as the Chancellor recites, the cause rested "in the bosom of the court awaiting ruling and order upon defendants' demurrer * * * after argument thereof in February or March, 1928." On August 17, 1932, the demurrer of defendants was sustained to the equity bill but the cause transferred to the law side of the Court for further proceedings in accordance with Section 75 of Chapter 14658, Acts of 1931

(Florida Chancery Act), which authorizes such transfers as to causes that should have been brought as actions at law in the first instance.

On August 25, 1932, which was the earliest date at which a declaration at law could have been filed in this particular case, the declaration herein was filed setting up the specific legal cause of action that the original equity complainants now conceive that they should have begun at law on December 21, 1925, seven years earlier. The declaration now filed is as of August 25, 1932, but it is pursuant to the equity process that was issued and served upon the identical defendants in December, 1925. It is solely by virtue of the force and effect of such original process served in 1925 (plus the order of transfer from equity to law made under Section 75 of the Chancery Act) that the case is now within the competency of the court to proceed with at all as a case at law at this late date.

Under Section 4646 C. G. L., 2926 R. G. S., the plaintiff's action must be deemed as having been commenced, for the purposes of a proceeding at law, when the subpoena in Chancery was delivered in December, 1925, to the officer to be served. If that is not so, then there is no action yet commenced insofar as an action at law is concerned, because the only process that has ever been served or attempted in this case is that which was served in 1925 in connection with the chancery suit. .

The case below was decided against the plaintiffs on the defendant's demurrer to plaintiffs' replication to pleas of the statute of limitation. Such pleas are pleas that had been filed *to the first and only declaration at law that has ever been filed in this case* after it was transferred to the law side of the court from the court of equity.

In my opinion the effect of the transfer of the case from

the equity side to the law side of the court has the same effect as if the case had been originally begun at law at the time and upon the process first employed in the equity suit. This means that the case must be considered as having been commenced on December 21, 1925, by a summons placed in the hands of the officers for service and served at that time. See Section 4646 C. G. L., *supra*. The fact that no declaration in it as a proceeding at law was filed in this cause pursuant to the 1925 process until the 1932 transfer of the cause to the law side of the court, is no fault of the plaintiff, who had to wait until the 1932 date for the court to make his ruling disposing of his effort to get it heard upon the equity side of the same court.

A demurrer to any pleading at law searches the record and judgment thereon must be given for or against the demurrant as the record of the *law* case requires. This means that in order to decide whether or not the demurrer to plaintiff's replication to the pleas of the statute of limitations is well taken, we are permitted to search the record of the *law* side of the case only, thereby eliminating the equity side which has been completely disposed of and is therefore out of and beyond the scope of the record of the law case.

Thus proceeding, we find what is the equivalent of an ordinary suit at law originally begun by legal process, served in 1925, in which suit at law the first and only declaration at law was filed in 1932. Therefore now looking solely at the declaration and the process, to which we must confine our inspection in order to determine the sufficiency of the replication to the pleas of statute of limitations, it appears that the process in the present suit was placed in the hands of the officers for service in 1925, well within the statute of limitations, as provided for by Section 4646 C. G. L., *supra,* and that inasmuch as the declaration at law

filed in 1932 is the sole and only legal (as distinguished from equitable) pleading that plaintiff has ever filed in an effort to state his cause as one at law, the declaration is simply a following up of the initial process, and cannot be affected one way or the other by what was alleged in the equity bill has now been eliminated.

The very purpose of Section 75 of the Chancery Act was to take care of situations like we have in this case wherein due to misapprehension as to the nature of a remedy being legal or equitable, a party is permitted to start in equity with the assurance that if he finds later that he should have started at law, he may do so under the same process that he has had served in the equity suit, and with like effect as if he had never filed any pleading at all.

What was alleged in the equity pleading is no part of the record at law for the purpose of testing the sufficiency of the law case pleadings. So there can be said to be no departure or variance between the declaration and the original bill in equity, since Section 75 of the Chancery Statute contemplates that *from and after the date of transfer* of an equity cause to the law side of the court, the law side shall proceed from then on as if the *original process* had been sued out and served at law in the first instance, without reference to the equity attempt.

I think the judgment should be reversed and the cause remanded with directions to overrule the demurrer to plaintiff's replication to defendant's pleas of the statute of limitations.

Brown, J. (dissenting).—The principal question to be decided is, whether, when this cause was transferred from the equity side to the law side of the docket, the three-year statute of limitations could be pleaded as a complete bar to the action as alleged in the declaration then filed.

The cause of action accrued with the breach of the verbal contract, which was alleged to have occurred on or about March 15, 1925. The bill in equity, alleging that breach, seeking an accounting and to impress and enforce a lien against the lands where the additional earth had been placed, was filed December 21, 1925; defendants were promptly served in December, 1925, and filed appearance in January, 1926, which was of course before the statute of limitations had run. See Section 4663 (5) C. G. L. Defendants filed their demurrer to the bill on February 1, 1926.

It then appears that after the filing of the demurrer, counsel argued it about two years later before Circuit Judge Taylor in February or March of 1928.

Then after the argument on the demurrer to the bill, early in 1928, the court took the matter under advisement and never made any ruling thereon until August 17, 1932. The first act in the cause after argument on the demurrer was made by complainants who, on January 26, 1932, made a motion to transfer the cause from the equity to the law docket, pursuant to the provisions of Section 75 of the Chancery Act, Chapter 14658, Acts of 1931, Section 4891 (7) of Permanent Supplement, C. G. L., which had become effective in the interim. On March 1, 1932, after plaintiff's motion for transfer had been filed, defendants made a motion to the cause for failure during the past three or more years to prosecute the same. Then on March 18, 1932, complainants made a motion to re-establish certain lost papers in the cause. It was not until after all of these several acts and proceedings had taken place that the court, on August 17, 1932, made its order sustaining the demurrer to the bill, re-establishing the lost case papers and ordering the cause transferred to the law side of the docket.

As the record shows, no ruling was made by the court on the demurrer until more than four years after it was argued. The parties, their attorneys, and the court, apparently took a Rip van Winkle nap, in so far as this case was concerned, for four years. This somnolence was probably caused by the foreclosure by a third party of a superior first mortgage lien on the land involved, which foreclosure is referred to in the briefs, though not in the record. This put the property beyond the reach of complainant's alleged lien.

Section 4218 (1) C. G. L., Permanent Supplement, taken from Chapter 14544, Acts of 1929, in force at that time, provides that all actions at law or suits in equity, in which it shall not affirmatively appear from some action taken by the filing of pleadings, order of court, or otherwise, that the suit is being prosecuted, for a period of three years, "shall be deemed abated for want of prosecution" and dismissed upon motion, subject to reinstatement upon petition, for good cause shown, within six months after order of dismissal. The "abatement" referred to in the statute is not absolute and automatic. An order of court is required, and the order of dismissal is subject to the power of the court on petition to reinstate for good cause.

Plaintiff contends that it affirmatively appears from the files of the case that this suit was being prosecuted, because a demurrer to the bill had been filed and argued, and the court had taken its disposition under advisement in 1928. Also that the motion for transfer to the law docket, filed in 1932, had been filed before the motion to dismiss.

Equity Rule 1, still in force at that time, provided that "any cause not disposed of within three years from the filing of the bill shall be dismissed by the court at the cost of the plaintiff, unless otherwise directed for cause shown." This

Rule did not contemplate that the cause should necessarily be dismissed, because the Rule leaves it within the sound discretion of the court and provides that the court may direct otherwise for cause shown. As stated, there was still a demurrer in the files that had been argued, and upon which no ruling had been made, and that was doubtless sufficient cause for the court to refuse to dismiss the cause for failure of complainants to prosecute it during the preceding three years. No reversible error appears from the refusal of the court to dismiss the cause on the motion made in March of 1932.

We recur then to the question whether the three-year statute of limitations, interposed by defendant Hampton to the declaration filed in 1932, after the cause had been transferred to the law docket, constituted a good defense. And first, as to what effect, if any, the transfer to the law docket had upon this question. Section 75 of the Chancery Act of 1931, under which this transfer was made, reads as follows:

"If at any time it appears that *a suit commenced in equity should have been brought as an action at law* it shall be forthwith transferred to the law court of competent jurisdiction and be there proceeded with, with only such alteration in the pleadings as shall be essential. In such cases an order shall be made by the court for the transfer of the cause and the transmission of all papers filed therein to the proper law court, and thereupon the originals of such papers shall be so transmitted and filed, together with a certified copy of the order: Provided, however, that when the transfer is to the law side of the same court it shall be effected by the order of transfer." (Italics supplied.)

It is doubtful whether the court below was correct in transferring this case to the law side of the docket. The

bill as filed in 1925 contained equity. In so far as it sought to impress and enforce a lien upon the described land only for the balance due on the work done and material deposited upon said land under the verbal contract, it was a case of equitable cognizance. That part of the bill seeking also to recover unliquidated damages for alleged unearned profits and to have the lien declared and enforced for that also, had no place in the bill, and could have been omitted or stricken and still have left the bill good. Defendant's demurrer to the bill filed in 1925 pointed out this glaring defect in the bill, this effort to get an equity decree for prospective damages and have same declared a lien on the property; also that the bill nowhere alleged that Hampton had breached the contract. This demurrer should have been promptly sustained. If this had been done, and the bill amended to meet the demurrer by omitting this common-law action, it would have made a good bill, but if this had been done, the attempt to bring suit at law on the common-law action in 1932 could unquestionably have been successfully met by pleading the statute of limitations. However, defective as it was, the bill contained equity as it stood. Indeed, the main purpose of the bill was to enforce a statutory lien upon the land for the amount claimed. Should such a bill, merely because for some reason the plaintiffs no longer desired to enforce a lien on the land, and preferred to pursue the common-law action wrongfully incorporated in the bill, be transferred seven years later to the law side of the court, in an apparent attempt to defeat the defendant's right to set up the statute of limitations as a defense to such common-law action? But the honorable Circuit Judge may not have known what the purpose of this transfer was when he made the order. Yet he evidently recognized the defects in the bill, because he sus-

tained the demurrer thereto before making the transfer in August, 1932, to the law side. But as the bill, in spite of its defects, was not without equity, the suit should not have been transferred to the law docket, because the statute only allows such transfer when "it appears that a suit commenced in equity should have been brought as an action at law."

But assuming that the cause was properly transferred from equity to law, this does not necessarily mean that the defendant Hampton could not plead the statute of limitations as a bar to the cause of action as alleged in the declaration filed after the transfer, if indeed as is contended, it set up *a new or different* cause of action from that alleged in the equity suit.

After the transfer was made, plaintiffs filed a declaration *against Hampton alone,* omitting McMillen as a party defendant, and omitting any attempt to claim or enforce a lien upon the land. The declaration sought to recover damages for breach of the oral contract made between Hampton and plaintiffs in 1925, which was the same contract 'set forth in the bill filed in 1925, but *the bill had omitted any express charge that Hampton had breached the contract,* whereas *it did expressly charge that his lessee, McMillen,* after he took over the property from Hampton under his ninety-nine year lease, *had breached the contract,* and then claimed damages against both defendants. Did this declaration filed in 1932 work such a change in the common-law cause of action attempted to be alleged in the bill, or did it set up as against the defendant Hampton such a new and different claim from that sued on in 1925, as would entitle Hampton to assert the three-year statute of limitations as a defense?

We do not consider that the mere transfer from equity

to law has much bearing upon this question. In other words, if this suit had been originally filed on the law side of the docket, the question above raised would have been just as pertinent.

Of course, the fact that the statute of limitations may have already run against the cause of action alleged in an equity suit at the time the transfer occurs does not affect the right to have the suit transferred, nor does the mere transfer *per se* operate to make a suit a new suit to which a defendant may successfully plead the statute of limitations to the cause of action alleged in the original suit; unless of course the statute had already perfected a bar to such cause of action when the original suit was first filed on the equity side. The identity of the suit is not destroyed by the transfer. Frierson v. Frierson, 110 Fla. 417, 149 So. 18; Friedrichsen v. Renard, 247 U. S. 207, 62 L. ed. 1075. A mere change from law to equity or from equity to law works no change in the real cause of action when the fundamental facts constituting the cause of action remain the same. The transfer is a step in the cause. The suitor should have the relief appropriate to the facts which he has pleaded in the suit transferred, and the federal courts appear to hold that a mere change in the prayer for relief, or in the legal theory of the action incident to the transfer, is immaterial so far as the statute of limitations is concerned. Bemis Bros. Bag Co. v. United States, 289 U. S. 28, 77 L. Ed. 1011. Compare Union Pacific R. Co. v. Wyler, 158 U. S. 285, 39 L. Ed. 983.

The gravamen of the suit in equity, brought against Hampton and McMillen, was the enforcement of a claimed statutory lien. No personal liability was attempted to be enforced, nor was any deficiency decree asserted or sought, nor could it have been allowed in such a suit. The bill did

allege that, after a time McMillen, not Hampton, breached the verbal contract and stopped plaintiffs from doing any further work under the same, and sought to have the claimed lien enforced against the land, not only for the work actually done and materials furnished, but for the prospective profits the plaintiffs might have made had they been permitted to complete the work. "It is well settled that complainant cannot have the benefit of facts not charged in the bill, although such facts may be developed by the answers or the proofs." Tangeman v. Sjoblom, 100 Fla. 1059, 130 So. 603, and cases cited.

The gravamen of the cause of action alleged in the common law declaration filed some seven years later, after the suit had been transferred, was to recover damages for breach of contract. But the suit this time was *against Hampton alone, on a cause of action not made against him in said bill,* because he was not charged in the bill with having breached the contract, and when as alleged, McMillen stopped the work, no complaint or demand was alleged in the bill to have been made about it to Hampton. The only breach of the contract mentioned in the bill was charged expressly against McMillen, who had taken over the land on a long-term lease and for whom plaintiffs had been carrying on the work and from whom they had been receiving payment of advancements.

It thus appears that the declaration filed against Hampton after the transfer of the suit alleged a new and different cause of action from that alleged in the bill, adding at least one new and fundamental allegation of fact, not contained in the bill, which was and is essential to and the gist of the cause of action alleged in the declaration. And as to this *new* cause of action alleged in the declaration filed in 1932, based on a transaction occurring in 1925, the stat-

ute of limitations had perfected a bar over two years before the 1931 chancery act became effective, and several years before the declaration was filed. The pleas of the three-year statute of limitations therefore presented a complete defense, which the replication failed to meet, and the trial court properly so held.

In the case of La Floridienne v. Atlantic Coast Line R. Co., 63 Fla. 213, 58 So. 186, this court, speaking through Mr. Justice WHITFIELD, said:

"Under the statutes and liberal rules of the courts amendments of defects and errors in pleadings are liberally allowed 'for the purpose of determining in the existing suit the real question in controversy between the parties.' And when the amendment brings in new matter arising out of 'the same general transaction or occurrences,' it may not be a departure in pleading. But the statute and rules allowing amendments do not give such amendments the benefit of the legal fiction of relation back to the beginning of the action, so as to deprive a defendant of a right to the bar of a statute of limitations. The general rule is that amendments to pleadings, without regard to the time or stage of the cause at which they are introduced, have relation as to the commencement of the suit, or to the time when the matter could have been pleaded originally. But relation is not imputed, if it would deprive a party against whom the amendment is made of any substantial right. If an amendment of a complaint introduces new matter or a new claim, as to which the statute of limitations has perfected a bar, the bar cannot be avoided by the legal fiction of relation by referring the amendment to the commencement of the suit. Steiner v. Bank, 115 Ala. 387, 22 South. Rep. 32; Nelson v. First Nat. Bank, 139 Ala. 578, 36 South. Rep. 707; Mohr v. Lemle, 69 Ala. 180; City of Kansas

City v. Hart, 60 Kan. 684, 57 Pac. Rep. 938; Flanders v. Cobb, 88 Me. 488, 34 Atl. Rep. 277, 51 Am. St. Rep. 410."

See also Gibbs v. McCoy, 70 Fla. 245, 70 So. 86.

The opinion in the case of Livingston v. Malever, 103 Fla. 200, 137 So. 113, quotes with approval the following statement from 17 R. C. L. 816-817:

"In determining whether an amendment to a complaint asserts new matter or a new claim the true test is whether the matter set up in the amendment amounts to a departure in after-pleading. If the matter introduced by way of amendment, although it be such as might have been joined in a different count in the original complaint, introduces a new claim or a new cause of action, requiring a different character of evidence for its support, and affording a different defense from that to the cause as originally presented, it will not relate back to the commencement of the suit, so as to prevent the plea of the statute to the new matter thus introduced."

And in the same case, it was said that one of the tests by which it may be determined whether an amended pleading is for the same or a different cause of action stated in a former pleading is whether the same evidence, unobjected to, sustain the substantial averments of both pleadings. See also to similar effect, Courtright v. Tunnicliffe, 104 Fla. 720, 140 So. 777; Barnett v. Slaughter, 166 So. 580, 123 Fla. 237.

These authorities as I understand them sustain the position I have taken and call for an affirmance of the final judgment of the trial court dismissing the cause. The view I have taken of the case makes it unnecessary for us to consider the question, much discussed in the briefs, as to whether the running of the statute of limitations upon an action of this nature vests a right of immunity from lia-

bility which the Legislature cannot effectively take away without the defendant's consent; as to which see 17 R. C. L. 675; Campbell v. Holt, 115 U. S. 620, 6 S. E. 209, 29 L. Ed. 483; Annotation in 36 A. L. R. beginning at page 1316; Bussey v. Bishop, 169 Ga. 251, 150 S. E. 78, 67 A. L. R., and note.

In my opinion, the judgment below should be affirmed. ELLIS, C. J., concurs.