CAMILLA PULESTON v. FRANK C. ALDERMAN, *et al.*

4 So. (2nd) 704
Division B
Opinion Filed October 31, 1941
Rehearing Denied December 9, 1941

354

*Leitner & Leitner,* for Plaintiff in Error;

*Frank C. Adlerman, Jr., Treadwell & Treadwell* and *Velma J. Keen,* for Defendants in Error.

THOMAS, J.—Suit was brought on a note held by a married woman and, upon demurrer by the defendant, an order was entered by the court sustaining the attack on the pleading because the real plaintiff did not join her husband in the suit. In the same order it was recited by the court that upon announcement of the ruling on the demurrer the plaintiff moved that the declaration be amended, the wife consenting, to show that the suit was brought by "Camilla Puleston, joined by her husband S. Puleston," the declaration as originally filed having alleged that it was instituted by "Camilla Puleston, by Her Husband and Next Friend, S. Puleston."

This is the only portion of the record necessary to a decision of the prime question presented by plaintiff in error and, although at a glance, it may appear unimportant nevertheless as the case developed in the trial court the determination of the effective date of the revision became vital because it was eventually held by the court that a plea of the statute of limitations was properly filed, the time set out in the statute having elapsed between the dates of the commencement of the suit and the amendment. Thus, if the amendment related back to the time the action was filed the statute of limitation was inapplicable; on the contrary, if it did not the plea was appropriate.

At the outset it is well to draw attention to Sec. 4206, Comp. Gen. Laws of Florida, 1927, providing that "it shall be the duty of the court, at any time before the trial of any cause, to order that any person not joined as plaintiff in such cause shall be so joined . . . if it shall appear to such court or judge that injustice will not be done by such amendment . . .; and when such amendment shall have been made, the liability of any person who shall have been so added as co-plaintiff shall . . . be the same as if such person had been originally joined in such cause." Although the language employed in the section just quoted does not expressly state that all amendments relate back to the commencement of the suit, nevertheless, it indicates that purpose, and it is certain that so far as the responsibility of the new plaintiff is concerned they do have that effect.

In construing the law relevant to the points in controversy it is but fair to consider in connection with the above quoted law the statute allowing liberal

amendments of pleadings and proceedings. Sec. 4295, C.G.L., 1927.

It is well, too, to scrutinize the phraseology of the statute of limitations. Its introductory clause and the section relevant are: "Actions other than those for the recovery of real property can only be commenced as follows: 3. Within Five Years.—An action upon any contract, obligation or liability founded upon an instrument of writing not under seal." Read literally, of course, it is clear that the cause must be instituted within the period fixed. There is no doubt that the original suit was brought well within the time, so the real problem present in this litigation is whether the amendment by the inclusion of the name of the actual party in interest, the wife, was the commencement of a new suit despite the appearance of her name in the declaration as the one for whom the plaintiff husband was suing.

It seems to us that it would require a rather strained construction to hold in this case that the time given in the statute of limitations should be computed from the date of the accrual of the cause of action to the amendment joining the wife as a party plaintiff. We have examined many cases cited in the briefs and have made a search on our own part and from them we are convinced that the criterion recognized in determining the true effective date of an amendment is whether by the revision a new and different cause of action results and whether injustice will be done. This seems to have been recognized as the test where a party was eliminated (Haldeman v. Schuh, 109 Ill. App. 259); where a co-tenant (wife) was joined, even as late as the time of entering judgment (Vunk v. Raritan River R. Co., 56 N. J. Law [27

Vroom] 593); where there was a substitution of parties defendant (Metropolitan Life Ins. Co. v. People, 209 Ill. 42, 70 N. E. 643).

In the case of Beresh v. Supreme Lodge Knights of Honor, 99 N. E. 349, the Supreme Court of Illinois decided that in a suit brought by plaintiffs, without authority to act, for the benefit of their assignee an amendment substituting as parties plaintiff the ones to whom the original cause of action accrued was not the introduction of a new cause of action, repeating a former pronouncement of that court in Metropolitan Life Ins. Co. v. People, *supra*: " 'a mere change in a party to a suit does not, of itself, change the cause of action or ground of recovery, and, unless the cause of action is a new one, the amended declaration is not subject to the statute of limitations.' " It is to be noted that in the case to which we have just referred there was an actual substitution of parties plaintiff whereas, in the case with which we are dealing, there was no substitution but simply the joining of the wife in the suit which had already been started by the husband in her behalf. Further, as stated in the cited case, the cause of action remained precisely the same, namely, the obligation of the defendant to the wife evidenced by a promissory note.

Adverting to the law which we have quoted we iterate its provision that there is a duty on the part of the judge to allow the amendment in the interest of justice and it occurs to us that if the statute of limitations were held applicable in this case it would result in *injustice*.

The purpose and the result of the change in the pleading was simply to allow the litigation to progress in the names of both the party in interest and her

husband whereas, before, it had proceeded in the name of the latter as next friend in behalf of the former.

The criterion recognized in the decision in Beresh v. Supreme Lodge Knights of Honor, *supra,* seems entirely harmonious with expressions of this court on the subject of the effective date of amendments made during trial. In La Flr. Butt. & Co. v. A.C.L. R.R. Co., 63 Fla. 213, 58 So. 186, it was adopted as a general rule that amendments made in the course of the suit "have relation as to the commencement" of it "but relation is not imputed, if it would deprive a party against whom the amendment is made of any substantial right." This principle was recognized again in Livingston v. Malever, 103 Fla. 200, 137 So. 113.

Our study of the record in this case and our consideration of the probable consequences which would result to the parties plaintiff, as well as the party defendant, from the amendment convinces us that the defendant would not suffer the loss of any substantial right by a rule contrary to the one made by the trial court. The very nature of the defense refutes any assertion that it could be a substantial right which would be denied the defendant by the ruling against him. It is a defense that must be pleaded with diligence and which may be waived. It is said that the reason that it must be presented by the defendant is that the "statutes of limitation presuppose an established substantive right, but forbid the plaintiff from enforcing it by the customary remedies." 34 Am. Jur., Limitations of Actions, Sec. 428.

The defendant having failed to show that it was faced with any new cause of action or that any in-

justice could have resulted from this interpretation, the ruling of the trial court in his favor was erroneous and the matter is reversed with directions to proceed with the controversy in a manner not inconsistent with the views we have expressed.

Having arrived at this conclusion, which renders the plea of the statute of limitations useless, there is no need for us to discuss the sufficiency of the plaintiff's replication to that plea and the defendant's rejoinder.

Reversed with directions as above stated.

BROWN, C. J., TERRELL and CHAPMAN, J. J., concur.

BROWN, C. J., concurring.—I concur in Mr. Justice THOMAS's opinion, but in view of the importance of the question involved, I wish to submit a few observations of my own which I think support his conclusions.

In support of their contention that the amendment of the declaration made in this case did not relate back to the time when the action was begun, so as to prevent the running of the statute of limitations, defendants in error cite the cases of La Floridenne, etc., v. A.C.L.R. Co., 63 Fla. 213, 68 So. 196, and Livingston v. Malevar, 103 Fla. 200, 137 So. 113, which cases have been cited with approval and followed in Courtright v. Tunicliffe, 104 Fla. 720, 140 So. 777; James v. Dr. P. Philips Co., 115 Fla. 472, 155 So. 661; Fancher v. Ramsey, 121 Fla. 631, 164 So. 688; Barnett v. Slaughter, 123 Fla. 237, 166 So. 580, and Ivey v. So. States Power Co., 128 Fla. 345, 174 So. 834. See also in this connection Wilbur v. Hampton, 128 Fla. 256, 174 So. 741. After a study of the rules laid down in the two cases cited by defendants in error, and the subsequent cases cited, I am not

at all satisfied that they support defendant in error's contention; rather the contrary. Briefly, these rules are (1) that when a cause of action set forth in an amended pleading is new, different and distinct from that originally set up, or (2) when such amendment constitutes a "departure in after pleading" at common law, (which departure occurs when a party quits or departs from the cause of action or defense which he has first made and has recourse to another), in neither case will such an amendment relate back to the beginning of the action, so as to deprive the opposite party of the bar of the statute of limitations which has already operated as against the new claim or cause of action set up in the amendment.

This Court has held in several of the cases cited that one of the tests by which to determine an amended pleading is for the same or a different cause of action stated in the original pleading is whether the same evidence will support a judgment rendered upon either. In this case the same evidence would support a judgment on either the original or amended declaration.

As I see it, there was no change made here in the real *cause of action*. It was an action at law on a promissory note alleged to have been signed by the defendants. In the body of the declaration it also alleged that "the plaintiff, Camilla Puleston," was the owner and holder of the note, thus showing that the wife was the real party in interest. The action was brought by "Camilla Puleston, by her husband and next friend, S. Puleston," against the three defendants. The only ground of demurrer interposed was "that said declaration presents no cause of action against the above named defendant." There was no

demurrer directly raising any question as to any defect or insufficiency as to the party or parties plaintiff. When the cause came on to be heard on the demurrer, the learned trial judge evidently thought that the demurrer was sufficient to raise the question of the defective statement of the party plaintiff, and made an order sustaining the demurrer "for the reason that it affirmatively appears that the action here has not been brought by the married woman." After the announcement of this ruling, on motion of the plaintiff to be allowed to amend to show that the suit was brought by "Camilla Puleston joined by her husband S. Puleston," and it being stated that Camilla Puleston gave her consent to such amendment, the motion to so amend was granted and the defendants were allowed until the August rules, 1939, to plead, at which time the plea of the five year statute of limitations (Sec. 4663, C.G.L.) was interposed as a bar to the cause of action. Motion to strike the plea was overruled.

As a general rule, amendments relate back to the commencement of the action, and Sec. 4646 C.G.L. provides that an action shall be deemed to be commenced when the summons or other original process shall be delivered to the proper officer to be served.

Mr. Justice Thomas has called attention to the provisions of Sec. 4206 C.G.L. I think the next succeeding Sec. 4207, is also significant here. The action of the court below in allowing this particular amendment was proper. As early as the case of Neal v. Spooner, 20 Fla. 38, this Court approved the action of the trial judge in an ejectment action in allowing an amendment, after the evidence was all in, which inserted after the name of a plaintiff, who was a

minor, the words "a minor who sues her next friend, Joseph H. Spooner."

It seems to me that the case of Gibbs v. McCoy, 70 Fla. 245, 70 So. 86, is practically conclusive of the present controversy. In the opinion of Mr. Justice WHITFIELD in that case it is said:

"This writ of error is to a judgment for the plaintiffs in an action of ejectment which was brought in the name of W. E. Dunwoody, the grantee of lands, to recover the possession from one in adverse possession of the lands. An amended declaration was subsequently filed by leave of the court making the grantors plaintiffs to recover the possession from one in adverse possession at the time of the conveyance, upon the theory that the conveyance though void as to the defendant in adverse possession of the land, was good as between the parties to the conveyances, and that a recovery in the name of the grantors will inure to the benefit of those claiming under such grantors. (Citing authorities) The amendment did not make a new action, since the real parties in interest and the essential elements of the controversy remain the same. See Neal v. Spooner, 20 Fla. 38; Hamburg v. Liverpool & L. & G. Ins. Co., 42 Fla. 86, 27 South Rep. 872; Phifer v. Abbott, 69 Fla. 162, 67 South Rep. 917; Missouri, K. & T. R. Co. v. Wulf, 226 U. S. 570, 33 Sup. Ct. Rep. 135; 3 Ency. L. & P. 655. The action was not barred by the statute of limitations since the amendment does not present a new action and has relation to the commencement of the suit."

As I see it, the amendment here in question did not make a new cause of action, since the real party in interest and the essential elements of the contro-

versy remain the same. The declaration as originally drafted showed that Camilla Puleston was the owner and holder of the note sued on, and that she was suing "by her husband and next friend, S. Puleston," and in the body of the declaration she is referred to as the plaintiff.

Ordinarily, "Any civil action at law may be maintained in the name of the real party in interest," and "by amendment the nominal plaintiff may be stricken out and the case proceed in the name of the use plaintiff." Section 4201 C.G.L. The "real party in interest" here was Camilla Puleston, but, being a married woman, this particular kind of action should have been brought by "Camilla Puleston, joined by her husband S. Puleston," or "Camilla Puleston and her husband S. Puleston." In equity, a married woman generally sues by next friend, but, in actions at law, except as otherwise provided by statute, the common law rule that the husband must be joined as co-plaintiff with the wife, not as next friend, but as husband, still prevails in this State. Edgar v. Bacon, 97 Fla. 679, 122 So. 107, and cases cited; 27 Am. Jur. 203. This is a relic of the old common law doctrine that by marriage husband and wife become one person and the entire legal existence of the woman became merged and incorporated in that of the husband, but under our statutes relating to married women and their property, this legal unity has in some respects been severed, in so far as the statutes have removed the legal disabilities of the wife. However, such acts are not generally construed to otherwise impair the unity of the spouses. 26 A. Jur. 632; 27 Am. Jur. 205. In some classes of cases, our statutes permit married women to sue in their own

names.    See in this connection Secs. 4203, 4204 and 5865-5867 C.G.L.

But the change in parties plaintiff made by amendment here, by which the husband and the wife were substituted for the original plaintiff—the wife by her husband and next friend, who had attempted to sue on the same note in the first instance, did not in my opinion work a complete change of the "real party in interest," as shown by the original declaration, and certainly did not make any substantial change in the cause of action originally sued on.    Therefore in such a case as this I think such an amendment should relate back to the commencement of this action.    It is also held that generally a change in the capacity in which a party sues relates back to the commencement of the action.    See general trend of authorities in other jurisdictions, as indicated by 21 R.C.L., 584-586; 37 C.J., 1063-1068, which I think tend to support the above conclusions.

I concur in the opinion of Mr. Justice THOMAS and in the judgment of reversal.