THOMAS, Justice.
The appellant filed a suit to enforce payment of a judgment which had been entered nineteen years and eleven months before, and had reached the appellant by intermediate assignments. The first of these was executed by two persons, Agnes K. Shaw and Roger B. Williams, described as “surviving officers and trustees for Crown Cap Manufacturing Co., Inc.”, the corporation which had been awarded the judgment.
In the only answer filed in the case, decrees pro confesso having been entered against all other defendants, it was stated that the pleader, not being informed, neither admitted nor denied that the persons we have named were the surviving officers and trustees of the judgment creditor-corporation and, therefore, demanded strict proof of their authority to execute the assignment.
Shortly afterward, the answering defendant filed a motion for summary final decree on the grounds that no genuine issue of fact was presented by the bill and answer, and that the plaintiff, as a matter of law, had acquired no right in the judgment un *328 der the purported assignment by the two surviving officers and trustees of the corporation.
In response to this motion the appellant filed an affidavit reciting the execution of the assignment of judgment by Agnes K. Shaw and Roger B. Williams as surviving officers, directors and trustees of the dissolved corporation and stating that Williams, Albert E. Donaldson and John S. Stanley did, at the time of the signing of the affidavit, comprise the majority of the surviving directors of the corporation and they had confirmed in writing, before a notary public, that Williams and Agnes K. Shaw were surviving directors when the assignment of mortgage was executed and acted for “and on behalf of” a majority of the surviving directors. Attached to the affidavit was a paper titled ''Confirmation of Assignment of Judgment”, signed by these three men who described themselves as “surviving directors of said dissolved corporation” and stated they acknowledged, ratified and confirmed the original assignment. They added that at the date of the assignment Agnes K. Shaw and Roger B. Williams were surviving directors and as such executed the assignment “for and on behalf of the board of directors with full knowledge and consent” of the signatories.
The appellant then petitioned the court to allow an amendment to the bill of complaint to incorporate the matter appearing in the response, but so far as we can learn from the record no ruling was made on this motion.
A few days later the chancellor entered a decree dismissing the cause with prejudice because no real issue of fact was presented; the parties who executed the original assignment of judgment as trustees of the dissolved corporation did not constitute a majority of the trustees of the corporation, and hence, had no authority to act; and further, evidently, because he thought the pretended ratification was not retroactive.
It should be borne in mind that this effort on the.part of the plaintiff to validate the assignment of judgment was made more than two months after the suit was instituted, and therefore a month after the twenty-'year statute of limitation had run.
The appellant thinks that from this situation there arises the question whether “a genuine issue of fact” was properly presented to the chancellor. Were we to stand upon the technical phraseology of the question appearing in his brief we would be inclined to dispose of the case without comment, because it is obvious that no question of fact was presented, but purely one of law. Nor will we pause to discuss the failure to plead the statute of -limitation because there was no occasion for it without an amendment to the bill of complaint setting out the attempt at ratification. As far as could be determined from the face of the initial pleading the suit was brought within twenty years of the entry of the judgment.
Inasmuch as the parties argued in the lower court and now argue here the question implicit in these circumstances, we will undertake to dispose of it regardless of any technical imperfections in the manner in which it was introduced.
We are confronted with the effect upon the assignment of the attempted ratification which came after the bill and answer were lodged in the chancery court. The appellant insists that the ratification was retroactive and vitalized the assignment as of the day it was executed, while the appellees contend that it could have had no effect upon the defense which had meanwhile become available. We are constrained to agree with the latter.
It seems to be conceded that the first assignment was ineffectual. There can be no doubt that the twenty-year period expired more than a month before execution of the so-called confirmation, and meanwhile the defense of the statutes had come into being. The appellant could not deprive the appel-lees of this defense by the ratification subsequently made, and could not thus make valid as of the day suit was brought a title so defective as not to be sufficient foundation for the suit.
Had the amendment been allowed it would have constituted, in effect, a new suit based upon an assignment which was *329 effective the day it was ratified but not before. The statute of limitation would have immediately become available as a defense.
See Puleston v. Alderman, 148 Fla. 353, 4 So.2d 704; Livingston v. Malever, 103 Fla. 200, 137 So. 113.
Affirmed.
HOBSON, C. J., and ROBERTS and DREW, JJ., concur.