219 So.2d 760 (1969)
BAY VIEW INVESTMENTS, INC.; Anthony J. Spoto; and R.S. Clarke, Dick A. Greco, Sr., John F. Roker, Adine S. Smith and Maurice L. Young, As and Constituting the City of Tampa Board of Adjustment, Appellants,
v.
Paul R. GRIGSBY and Medicenters of America, Inc., Appellees.
No. 68-135.
District Court of Appeal of Florida. Second District.
February 7, 1969.
Rehearing Denied March 21, 1969.
*761 James G. Stephenson, of Brown, Dixon & Shear, Tampa, for appellant, Anthony J. Spoto.
Howard L. Garrett, of Garrett & Garrett, Tampa, for appellant, Bay View Investments, Inc.
Wm. Reece Smith, Jr., and Lewis H. Hill III, Tampa, for appellant, City of Tampa Bd. of Adjustment.
Thomas E. Henderson, of Cason, Hawkins, McWhirter & Henderson, Tampa, for appellees.
MANN, Judge.
Appellee Medicenters of America applied, through its agent Burt, for a permit to build a convalescent hospital between the pair of one-way streets leading to and from Tampa General Hospital, nearby across the Davis Islands Bridge. Such a facility can be built in Tampa only on land zoned R-4 pursuant to an ordinance which reads:
"(b) Conditional uses. After a review of an application and hearing thereon, if the board of adjustment finds as a fact that (1) the proposed use is to be located on a site of adequate size for its proper development, as defined in this ordinance; (2) that such location is well related to the arterial street system and will not cause traffic congestion or hazards; (3) that the proposed use will be developed in accordance with a site development plan assuring a maximum of compatibility with adjacent property and will not be detrimental to the present or future development of said property; and (4) that the operation of said use will not impair the health, safety, or welfare of the neighborhood, the following uses are permitted: (1) Convalescent or care home."
After the Board of Adjustment's refusal to grant a permit, Burt petitioned in the circuit court under Section 176.16 et seq., Chapter 176, Florida Statutes (1967), F.S.A., and was later dropped as a party and Medicenters and a contract vendor were added. Appellants say that Burt had no standing to initiate the proceeding in the circuit court, but they are wrong. Conceding, as they do, that an agent may appear for his principal in zoning hearings in Tampa, it follows that upon losing there he is a "person * * * aggrieved" within the meaning of Florida Statutes § 176.16, F.S.A. See Stout v. Jenkins, Ky. 1954, 268 S.W.2d 643; 2 Rathkopf, The Law of Zoning and Planning, c. 40 at n. 9; 8A McQuillin, Municipal Corporations § 25.318, n. 89; Annotation, 89 A.L.R.2d 663, 682. Although Burt was not the proper party to initiate an independent action in the circuit court, since he was not the real party in interest, FRCP 1.210(a), 30 F.S.A., King v. Gwynn, 14 Fla. 32 (1871); the City of Tampa cannot object to his seeking review, nor to the substitution of parties later and wisely granted under our liberal rules. Puleston v. Alderman, 148 Fla. 353, 4 So.2d 704 (1941).
Next the appellants urge, no more persuasively, that the "fairly debatable" rule which protects municipal ordinances against injudicious judicial meddling with policy matters precludes the judgment appealed from. City of Miami Beach v. Lachman, Fla. 1953, 71 So.2d 148, fairly states the "fairly debatable" rule. But the review contemplated in § 176.16 et seq. includes the reception of new evidence, § 176.19, and the circuit judge who heard this case devoted several days to it, properly receiving evidence which adequately supports his judgment. Josephson v. Autrey, Fla. 1957, 96 So.2d 784. It also appears from *762 the record that such criteria as were in force to aid in making the findings required for granting a conditional use[1] were met by the appellants. The Board of Adjustment in fact granted a similar permit about a block away to the appellant intervenors.
Judicial restraint requires that the making of city ordinances be left to duly authorized city officials. If the policy expressed in those ordinances is fairly debatable we judges should accord city councils the right to adopt policies which we may think wrong. But such ordinances as they adopt and such criteria as they and their boards of adjustment apply to one citizen should be applied to all, regardless of political alliances or animosities. The circuit court from which this appeal comes rightly found that this had not been done in this instance.
Affirmed.
LILES, C.J., and ALLEN, J., (Ret.), concur.

On Petition For Rehearing and/or Clarification
PER CURIAM.
The Board of Adjustment of the City of Tampa asks us to clarify our view of the ordinance involved in this case, which was declared unconstitutional by the trial court although the question was not raised by the parties. It would be improper for us to deal with this issue, and our affirmance should not be taken as an expression of opinion on the point.
The petitions for rehearing are denied.
LILES, C.J., MANN, J., and ALLEN, J., (Ret.), concur.
NOTES
[1] A conditional use is not the same as a variance, which permits a use elsewhere authorized to be made where the ordinance prohibits it, upon a showing of hardship. See Mayflower Property, Inc. v. City of Fort Lauderdale, Fla.App. 1962, 137 So.2d 849. The use involved here is appropriate to the zoning classification, but depends upon factual findings prior to issuance of the permit.