MANN, Judge.
So far as the record before us shows, the Zoning Board of Adjustment and. Appeals of the City of Temple Terrace took evidence on the Suarez’ application for special use permit necessary to erect a service station on land otherwise zoned for that use provided certain findings were made, and after taking evidence found that the required showings were not made. Upon their petition to the circuit court for what Florida Statutes Section 176.16, F.S.A. calls “certiorari,” the circuit judge relinquished jurisdiction for thirty days for the purpose of allowing the Board to “make findings of fact and render a decision, after hearing additional testimony or evidence to determine whether the petitioners meet” the criteria specified in the ordinance. Both sides agree that this order is erroneous, the appellants contending that the court should have dismissed without prejudice to reapplication, and the appellees asserting that the court should have proceeded to take testimony or appoint a referee to do so pursuant to Section 176.19.
We do not suggest that there is never a situation in which such an order as this one might lie within the inherent power of the circuit court, but on the skimpy record before us there is no evidence that the zoning board did not hold an appropriate hearing and determine the appropriate questions. There is a recitation that it did, and no record to contravene that recitation. Thus the court should have proceeded pursuant to Section 176.19. The effect of the order appealed from is to make the board whose actions are said to be wrong the referee to determine that question. We need not determine whether the chancellor had, in view of specific statutory authority, the power to appoint a referee, nor whether Slatcoff v. Dezen, Fla.1954, 74 So.2d 59, and Powell v. Weger, Fla.1957, 97 So.2d 617, serve to restrict the exercise of that power. If we view the zoning body as a “referee” it is clearly lacking in impartiality: it is in fact a party. See Smith v. Dept. of Registration & Education, 1952, 412 Ill. 332, 106 N.E.2d 722. And the record of the board’s action being presumptively" adequate, we have' no basis for determining that it wrongly shunted off to the judiciary a problem best left to zoning authorities within the cities. We expressly reserve the question whether the courts have inherent authority to insist that local authorities perform their functions as the law requires prior to resort to the courts: it is not raised on this record.
*31 Accordingly, the order relinquishing jurisdiction is reversed with directions to vacate it and proceed under the governing statutes. See Bay View Investments, Inc. v. Grigsby, Fla.App.1969, 219 So.2d 760.
PIERCE, A. C. J., and McNULTY, J., concur.