PER CURIAM.
The appellant, Samuel Wollard, had owned an acre of property which, during the time of his ownership, had been zoned for single family resident units. On June 24, 1968, while still the owner of the property, Wollard filed with the Metropolitan Dade County Zoning Appeals Board an application for a change in zoning classification from single family to multiple family.
On December 2, 1968, Wollard completed a sale of the property in question to the appellant, Schwab Jalousie & Awning Company, Inc. That corporation’s principal officers were and are Walter Schwab and Helen Schwab, his wife. Thereafter, the Schwabs continued the application for a change of zoning, ultimately proceeding to a hearing before the zoning appeals board of March 10, 1969. They also participated in a hearing before the Metropolitan Dade County Board of Commissioners on April 22, 1969. It was at the latter hearing that attention was directed as to the interest in the property held by the Schwabs. (A review of the record shows that the original application requesting reclassification was filed by Wollard, not Schwab.) Both the Zoning Appeals Board and the County Commissioners denied the request.
Certiorari proceedings were instituted by the appellants in the circuit court. Dade *720 County thereupon filed its motion to dismiss the petition for writ of certiorari, grounding such motion on the fact that petitioner Wollard had no standing to seek the writ because of his sale of the property to petitioner Schwab Jalousie and Awning Company, Inc. Further, Dade County contended that Schwab Jalousie & Awning Company, Inc. had no standing in the cer-tiorari proceedings for the reason that it had not instituted the original application before the zoning authority. Upon hearing, the circuit court entered its order denying certiorari and dismissing the petition with prejudice. This appeal has followed.
The matter of the sale of the property had been disclosed at all levels of the appellants’ proceedings seeking reclassification. The narrow question which we must resolve in the case sub judice simply concerns whether the application for change in zoning originally instituted by a seller, may be continued by the purchaser of the property; and moreover, whether certiorari may be brought jointly by them to review a denial of that application. We must answer both questions affirmatively. Initially, we note that the entire issue concerning a change in zoning classification directly affects the property itself, and any action sought in regard to that matter is not in personam but rather, in rem.
Certainly, the Schwabs are “person [s] * * * aggrieved” within the meaning of § 176.16 Fla.Stat., F.S.A. Bay View Investments, Inc. v. Grigsby, Fla.App.1969, 219 So.2d 760. Wollard was the proper party to initiate these proceedings because of his ownership at that time. A subsequent substitution of parties in interest, based on the change of ownership, would appear proper to us and should have been allowed by the circuit court in the cer-tiorari proceedings. Cf. Puleston v. Aiderman, 148 Fla. 353, 4 So.2d 704 (1941).
The order being appealed is therefore reversed and the cause remanded for further proceedings.