HENDRY, Judge.
Appellants are real estate developers; ap-pellee is in the business of lending money. In late 1973, negotiations between the two interests culminated in a contract by which appellee committed itself until December 12 of that year, to finance construction of two motels for which appellants had located a lessee. Appellee’s obligation was preconditioned upon appellants’ provision of certain documentation regarding the planned construction.
The December 12 termination date came and went, was extended indefinitely by mutual agreement of the contracting parties, several meetings and communications took place subsequent to that date, and the gathering of the requisite data proceeded apace until appellee advised appellants, in late April of the following year, that its finance commitments were terminated. An early May correspondence informed appellants that the commitment deadline had expired on December 12, 1973, that required documentation was lacking on that date, and that the commitments were therefore (and for other reasons) irretrievably withdrawn. The documents thus far collected were returned.
Appellants brought the action below for breach of contract, and, by stipulation, the court initially considered liability only. Appeal is made from its final order pertaining to that single issue.
The trial court found that the original termination date had been extended by mutual agreement of the parties. We concur in that finding. Additionally, it was determined that appellants had failed to satisfy the conditions precedent to appellee’s contractual obligation. Again, we agree. Finally, the court below found that appellee’s acknowledged attempts to terminate its commitments were legally ineffective, that the commitments were still outstanding, that thirty days was a reasonable time for appellants to supply all documentation, and that appellants had thirty days from the date of the court’s order to close.
We believe the trial court to have been in error in those final rulings.
The evidence adduced below conclusively demonstrates that appellee unequivocally denied its duty to provide appellants with the financing they sought. Cf. Fisch v. Radoff, 353 So.2d 160, 163 (Fla. 3d DCA 1978). In this instance, where appellee had undeniably waived its right to hold appellants to the original deadline, and yet had informed appellants that no performance would be forthcoming, as the result of an irremediable occurrence (the passing of the putative December 12 termination date), and had returned all documentation theretofore gathered to appellants, we can only conclude that appellee thereby repudiated its contractual obligation.
This constituted an anticipatory breach. Suit upon such a repudiation was recognized early in our jurisprudence as the prerogative of an injured party, Sullivan v. McMillan, 8 So. 450, 457, 26 Fla. 543 (1890), and such actions were cognizable before the breaching promisor’s performance date, where the breach was unequivocal. Slaughter v. Barnett, 154 So. 134, 114 Fla. 352 (1934), aff’d on other grounds, 166 So. 580, 123 Fla. 237 (1936); Hall v. Northern & Southern Co., 46 So. 178, 55 Fla. 235 (1908); Mori v. Matsushita Electric Corp. of America, 380 So.2d 461, 463 (Fla. 3d DCA 1980).
Generally, substantial performance of all conditions precedent is required before a plaintiff may recover under a contract. Cohen v. Rothman, 127 So.2d 143, 147 (Fla. 3d DCA 1961), petition for cert. discharged, 138 So.2d 328 (Fla.1962). Nevertheless,
[wjhenever, as here, one of the parties to a contract, while the contract is still exec-utory, directs the other party not to proceed further with the performance thereof, the former has breached the contract and the latter may bring an action for *769 damages for the breach of the contract. ...
Poinsettia Dairy Products, Inc. v. Wessel Co., 166 So. 306, 309, 123 Fla. 120 (1936). We have previously noted, with regard to performance of conditions precedent as a precondition to suit for breach of contract, that “one who makes impossible a happening of the condition precedent may not take advantage of it, and avoid its liability on the contract.” Babe, Inc. v. Baby’s Formula Service, Inc., 165 So.2d 795, 798 (Fla. 3d DCA 1964). Accord, Restatement (Second) of Contracts § 251, Comment b (1973); 5 Williston, A Treatise on the Law of Contracts § 699 (3d ed. 1961); contra, Thomson v. Kyle, 23 So. 12, 39 Fla. 582 (1897); see also, Dauer v. General Health Services, Inc., 317 So.2d 456, 457-58 (Fla. 3d DCA 1975); Maritime Construction Co. v. Benda, 262 So.2d 20, 22 (Fla. 1st DCA 1972).
The ruling of the court below which resolved the liability issue in appellee’s favor is reversed; we similarly reverse that portion of the order addressing appellants’ damages; finally, we remand for resolution of the damages issue upon proper evidentia-ry predicate.
Reversed and remanded.